[The following opinions were retained upon petitions for re-hearing, and did not come into my hands in time for insertion in their chronological order.— REPORTER.]

## THE STATE v. RIVERS ET AL.

1. **Criminal Law**: RESISTING RECEIVER IN EXECUTING ORDER OF COURT: CODE § 3960. A receiver who is required by the order of a court of competent jurisdiction to take possession of property, and who has in his possession, as the evidence of his authority, a properly certified copy of the order, is a person authorized by law to execute a legal order, within the meaning of § 3960 of the Code, so that any person knowingly and willfully resisting or opposing him in the execution of such order is guilty of the crime defined in said section. Compare § § 2903 and 3036 of the Code.

### Appeal from Dallas District Court.

### FRIDAY, JUNE 16, 1882.

THE defendants were indicted and convicted of the offense of resisting a receiver appointed by the court in the discharge of his duty. They now appeal to this court.

*C. C. Cole* and *A. R. Smalley*, for appellants.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The indictment is in the following language, alleging that the defendant "knowingly, unlawfully and willfully did resist and oppose one Stephen Adams, there and then duly appointed and acting as receiver of and for the circuit court of Polk county, Iowa, in the case of the *National Life Ins. Co. of Montpelier, Vermont*, plaintiff, against *John D. Rivers and others*, defendants, and by said court then and there, by order in writing, duly made and delivered to him,

directed, authorized, and empowered to take charge of, and hold the crops growing or grown on the following described premises, to-wit, [describing them,] "in his, the said Stephen Adams', efforts to obey and execute the said order of said court; and the said defendants above named, when and while said Stephen Adams, as such receiver, was legally and peacefully attempting to take charge of said crops growing and grown on the lands aforesaid, unlawfully, knowingly and willfully did, then and there, resist and oppose him, the said Stephen Adams, by then and there closing and keeping closed the gates and other ways of entrance to and upon said lands, by threats of personal violence, by having and displaying arms and weapons, and other acts and threats unknown to the grand jury—contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Iowa."

The defendants assign various errors relating to rulings upon the admissibility of evidence, the instructions to the jury, the sufficiency of the indictment, and of the evidence to support the verdict.

An amended abstract filed by the attorney-general, which is not denied by defendants, shows that the evidence introduced upon the trial, and the court's rulings upon interlocutory questions, are not presented by a bill of exceptions or certificate of the judge. The case must be tried as it is presented by this amended abstract. The only questions, therefore, which we are authorized to determine pertain to the sufficiency of the indictment and to the instructions given to the jury.

II. The court upon its own motion gave the jury the following instructions. No others are complained of by defendants:

"8. If any person knowingly and willfully resist or oppose any officer of this state, or any person authorized by law, in executing or attempting to execute any legal writ, rule, order or process whatsoever, he is guilty of a crime, and in this

case the certified copy of an order of the circuit court of Polk county, Iowa, of date the twenty-fourth day of April, 1880, marked exhibit A, and the amendment thereto, of date the twenty-seventh day of July, A. D. 1880, marked exhibit C, constitute a legal order, and Stephen Adams was authorized thereby to execute said order.

"Therefore, if you find that said Adams did go to the premises mentioned in said order and in the indictment, on or about the twenty-fifth day of August, A. D. 1880, to execute said order, and attempted so to do, and was by the defendants, or any of them, knowingly and willfully resisted or opposed in his attempt to execute said order, all of the defendants who did so are guilty as charged; that is, all of them who knew that said Adams had said order, and were informed by him that he had come to execute it, and afterwards resisted or opposed him in the execution thereof, are guilty as charged in the indictment; and if you find that the defendants, or any of them, did, on or about the time aforesaid, knowingly and willfully resist or oppose said Adams in his attempt to execute said order, you should find all of them who did so guilty as charged in the indictment. But if you fail to find that any one of them did so, you should find all of them not guilty. And those of the defendants whom you may fail to find guilty you should find not guilty.

"9. If you find that said Adams went to the gate or bars affording an entrance into said premises, and found one of the defendants there guarding said entrance, who refused to permit said Adams to enter, and with angry demonstrations and threatening words prevented the entrance of said Adams into said premises, and, while this was going on, the other defendants came there, and joined the defendant who was at said entrance when said Adams approached, and aided and encouraged in making demonstrations and threats against said Adams, either by their manner of expressions or demonstrations, or both, indicating that he would encounter violence if he attempted to take possession of the premises and the prop-

erty mentioned in the order of the court,—all who did so were resisting or opposing said Adams in executing said order of the circuit court of Polk county, Iowa. But if any of the defendants came there, and did not in any way aid or encourage the opposition to the execution of said order, (if there was any opposition,) of course you cannot find any such guilty."

The exhibits referred to in the 8th instruction are as follows:

"EXHIBIT A.

"Be it remembered, that on the twenty-fourth day of April, A. D. 1880, at the adjourned term of the circuit court of Iowa in and for Polk county, Iowa, begun on the twentieth day of said month, and held at the court house in said county, the following, among other proceedings, were had and entered of record. Present, John Mitchell, sole Judge; J. L. Keyes, clerk, etc.

"On the twenty fourth day of April, 1880, the same being the 59th day of the January term, 1880, of this court, this cause came up for hearing upon the motion of plaintiff for more specific statement, etc., in the answer of defendants, James and Marsh, and upon the amendment to the petition asking the appointment of a receiver to take charge of the real estate in controversy until the final determination of this cause, or the further action of the court in the premises.

"Both parties appear by their attorneys, and plaintiff asks and obtains leave to amend its said motion; and the court, having heard counsel, and being fully advised in the premises, sustains such motion in part, and directs that defendants attach to their answer a copy of the written lease, and an abstract of the title under which defendants claim possession of said premises. Defendants asking time to answer over, it is therefore ordered by the court that defendants file their amended answer herein on or before the first Monday in June, 1880; that Stephen Adams, sheriff of Dallas county, be, and he hereby is, appointed receiver herein, to take and

have the charge, custody and care of the premises in controversy, to-wit: The northeast quarter, the east half of the northwest quarter, the northeast quarter of the southwest quarter and the north half of southeast quarter of section twenty-nine, township eighty-one, range twenty-six, three hundred and sixty acres, in Des Moines township, Dallas county, Iowa, and all appurtenances thereunto' belonging; that said Adams file with the clerk of this court his receiver's bond, in the penalty of $1,000, with sureties to be approved by clerk, and take the oath prescribed by law, whereupon he shall be vested with the usual rights and powers of a receiver of this court, for the special purpose aforesaid, using all reasonable care and diligence to prevent damage and waste to said premises, or to the crops, buildings and improvements thereon. And all parties to the aforesaid cause of action, or interested in said premises, are hereby directed to recognize and respect said officer accordingly. To all which Robert James and Willis Marsh except.

[Signed] "JOHN MITCHELL, *Judge.*

"STATE OF IOWA, ⎱ ss.
 POLK COUNTY, ⎰

"I, J. L. Keyes, clerk of the circuit court of Iowa in and for Polk county, do hereby certify that the foregoing is a true and complete copy of the order and journal entry in the above entitled cause of the aforesaid date, as the same appears of record in my office.

" Witness my hand hereto, this May 1, 1880,
[SEAL]        and the seal of said court.

"J. L. KEYES, *Clerk.*"

" EXHIBIT C.

"Be it remembered, that on the twenty-seventh day of July, A. D. 1880, the following proceedings were had in our circuit court, at Des Moines, Iowa. John Mitchell, sole judge, presiding, viz:

"*In the Circuit Court of Iowa in and for the County of Polk—June Term, 1880.*

"NAT. LIFE INS. CO.,
      *vs.*
JOHN D. RIVERS. } *No. 5,100, Law.*

"On this twenty-seventh day of July, 1880, came on for hearing the application of plaintiff for an order of court, enlarging the powers of the receiver appointed in this action, so as to authorize him to take charge of and control the crops raised on the premises in controversy by the defendants since said receiver was appointed,—all parties appearing by the attorneys of record. Plaintiffs having submitted affidavits showing the rental value of said premises to be over $800 per annum, and irresponsibility of the defendants, upon consideration thereof, and of the pleadings in the case, and the arguments of counsel, the court orders and directs that the said receiver, Stephen Adams, be and he hereby is directed to take charge of and control the crops on said land in controversy, to-wit: The northeast quarter, east half of the northwest quarter, the northeast quarter of the southwest quarter, and the north half of the southeast quarter, of section twenty-nine, township eighty-one, range twenty-six, and to harvest and dispose of the same for cash to the best advantage, with the aid of defendants, at said receiver's discretion, and to render an account of his doings herein, and of the proceeds of all sales, at the next term of the said court, unless otherwise directed by the further order of the court.

" To all which defendants except.

"JOHN MITCHELL, *Judge.*

"STATE OF IOWA,
COUNTY OF POLK, } ss.

"I, P. D. Ankeny, clerk of said court, hereby certify that the foregoing is a true and full copy of the entry and order

in said proceedings, as the same appears of record in my office.

"Des Moines, Iowa, July 27, 1880.

[L. S.]                    "P. D. ANKENY, *Clerk of C. C.*"

III.   Counsel for defendants insist that the receiver, whose appointment is shown by the records of the court set out in Exhibits A & C, is not an officer contemplated by Code, section 3960, which provides punishment for any one who shall " knowingly and willfully resist an officer of the state, or any other person authorized by law, in serving or attempting to execute any legal writ, rule or order, or any process whatsoever, or shall knowingly and willfully resist any such officer in the discharge of his duties without such writ, rule, order or process."

The circuit court making the orders set out in exhibits A and C had jurisdiction of the persons of the defendants named therein, and of the subject-matter involved in the action, which included the identical property the receiver was, by the order set out in exhibit C, authorized and required to take into his possession.   The receiver, under this order, was authorized to take the property.   Code, § 2903.

We need not inquire whether the receiver may be called an officer of the state.   If this is not a proper designation, he is surely a "person authorized by law   *     *     *   to execute a legal order" of the court requiring him to take possession of the property.   He is, therefore, within the contemplation of Code, section 3960.   These views dispose of this branch of the case, and lead to the conclusion that the indict-ment is sufficient, and that the instructions complained of, which are above quoted, are a correct expression of the law.

IV.   Counsel for defendant insist that exhibits A and C are not orders or processes, and are, therefore, not within the contemplation of the statute under which the indictment is found.   The receiver, by the judgment or order of the court, was required to take control and possession of the property.   Such a judgment or order is enforced upon a prop-

erly certified copy thereof, which is, under Code, section 3036, the authority upon which the receiver is required to act.

The foregoing discussion disposes of all questions which, in the condition we find the record, we are permitted to determine.

AFFIRMED.