THE STATE v. RIVERS ET AL.

1. **Criminal Law:** RESISTING RECEIVER IN EXECUTING ORDER OF COURT: CODE, § 3960. The conclusion reached in the original opinion herein, reported in 64 Iowa, 729, to the effect that one who resists a receiver in the execution of an order of the court is indictable, under § 3960 of the Code, reconsidered in an elaborate argument by BECK, Ch. J., and adhered to by the court.

2. ————: RESISTING EXECUTION OF LEGAL ORDER: RIGHT OF PERSON HAVING ORDER TO CALL FOR AID. Because one charged with the execution of a legal order has no authority to call for aid in so doing, it does not follow that one who resists him is not guilty of a crime under § 3960 of the Code.

3. **Receiver:** EXECUTION OF LEGAL ORDER BY: RIGHT TO CALL FOR AID. Since it is a criminal offense to resist a receiver in executing a legal order, (Code, § 3960,) he may oppose such resistance with all the means at his command, and he may call on the sheriff, and through him may have the power of the county, to prevent the commission of the crime, and thus to enable him to execute the order.

WEDNESDAY, JULY 22.

ON REHEARING.

BECK, CH. J.—I. A rehearing was allowed in this case, and it has been again argued. Our convictions of the cor-

1. CRIMINAL law: resisting receiver in executing order of court: Code, § 3960.

rectness of the conclusions announced in the original opinion (see 64 Iowa, 729,) have been strengthened by the reargument. The original opinion fully and clearly shows the facts upon which the case must be determined; and, as stated therein, the questions to be decided arise upon the indictment and instructions to the jury. It will be observed that, by the order of the circuit court, which is set out in the opinion as exhibit A, Adams, the sheriff of the county, was appointed receiver " to *take* and have the charge, custody and care of the premises," etc., and all the appurtenances thereto belonging," and was invested with the usual power and authority of a receiver. By a subsequent order, (exhibit C, quoted in the opinion,) the receiver was authorized and empowered "to

take charge of and control of the crops" on the land, and " to harvest and dispose of the same for cash to the best advantage." By these express orders of the court, as well as by the statute, (Code, § 2905,) the receiver was authorized and empowered to take possession of the lands. Certified copies of these orders were the receiver's authority for taking possession of the property. These copies were as a writ in his hands. Code, § 3036. It .must be remembered that no question as to the jurisdiction of the court to make these orders or as to their regularity, is or can be before us in this case.

II. The receiver was " a person " authorized to execute a " legal order," viz., an order requiring him to take possession of the property, and he is therefore within the contemplation of section 3960, and resistance to him in an attempt to execute the order is an offense punishable under that section. And, indeed, in view of the fact that he was sheriff of the county, charged with the special duties of a receiver, it 'may well be held that he was an officer. It appears to us that the statute admits of no construction that casts a doubt upon the correctness of this conclusion.

III. Under sections 2903 and 2905, the court may " order " the delivery of the property to the receiver. This the court impliedly did, as shown by the exhibits A and C. The order is that the receiver shall take and control the property. This implies that it is to be delivered to him. The duty and power of the receiver to " take " the property implies a correlative duty of any one having it in possession to deliver it to him. Such person, therefore, resisting the receiver in taking possession of the property, resisted an officer or person in serving—executing—an order issued by the court, and is amenable under section 3960.

IV. Counsel for defendant, upon the rehearing, argued with great zeal and confidence that, as the statute does not

2. ——: resisting execution of legal order : right of person having order to call for aid.

point out how the receiver is to enforce the order, and upon whom he shall call for aid, therefore the defendants are not guilty of an offense in violently resisting the receiver when he attempted

to execute the order under which he was acting. Let it be admitted that a receiver is not authorized to call the *posse comitatus*, or any other aid, until he gets an order from the court, as is contended by counsel; yet it is a *non sequitur* that defendants are not indictable under Code, § 3960. It cannot be admitted that "officers or persons" who are required to execute orders by the court may be resisted without the commission of an offense, because the law points out no source to which they may apply for aid, and that in such. a case the persons resisting them are not indictable. If they cannot obtain aid in order to perform their duty and execute their authority, those who resist them are none the less guilty of a crime; and, indeed, there are urgent reasons why they should be held guilty, based upon public policy. They set at defiance the law, refuse to render obedience to the order of the court, and, if they may go unpunished, the law is brought into contempt, and stands before the people as requiring obedience, yet providing no punishment for disobedience. These thoughts are capable of being extended, and the doctrines upon which our conclusion is based may be enforced and illustrated by the necessity existing in the administration of justice for the punishment of violators of the law.

V. But counsel are mistaken when they assert that the receiver cannot enforce his order, and to that end call to his 3. RECEIVER: aid assistance. We will assume that the receiver execution of legal order is authorized to take possession of the property. by: right to call for aid. Now, it is insisted that one resisting him cannot be guilty of an offense, for the reason that the receiver cannot call to his aid any other person or officer. We have shown that this conclusion is a *non sequitur*. But let us inquire into the correctness of the premises, that the receiver cannot enforce, or gain aid to enforce, his authority to take the property. It is the duty of the receiver to take the property, and, as we have shown, it is the duty of one having it to surrender it to him. These are duties imposed by law. If the receiver may take the property, it is clear that the one

holding it violates the law in resisting the exercise of the lawful authority of the receiver, and, under section 3960, is indictable for a public offense, according to counsel's view, if the receiver may enforce his authorty. If the resistance to the receiver be a crime, he may call upon the sheriff and his deputies to prevent the crime; that is, to defeat the criminal purpose to be gained by resistance. Code, § 340. The sheriff may, to prevent the crime, call the *posse comitatus*, and bring it to the aid of the receiver. Even a private citizen may resist the commission of a public offense. Code, § 4112. And surely one executing an order of the court may resist another who disobeys it, and may be assisted in such resistance by others. He may surely call upon the sheriff and other peace officers to prevent the violation of the law by the resistance to the order of the court. Code, § 256, cited by defendants' counsel, supports our position, if it be applicable to the case. It is to the effect that, when property has been ordered to be delivered, the court or judge making the order may direct the sheriff to take the property. The order could not be made unless the lawful right to take the property on the order exists. If it does not exist, the resistance thereto is a resistance of an officer or person in the exercise of duty, and the resistance of a person attempting to execute an order. For such resistance an indictment would lie under section 3960. But section 256 is not applicable in this case. It is found in a chapter prescribing regulations pertaining to securities and investments. Evidently it is intended to prescribe a proceeding whereby money or property held by a trustee or officer, upon his refusal to pay over or deliver the same, may be taken, and the order of the court in regard thereto may be enforced. But, should the provision be even regarded as applicable to the case, it can be regarded only as prescribing a cumulative remedy. It is by no means inconsistent with our conclusion that defendants are indictable for resisting the receiver in his attempt to take the property.

The position and conclusions of counsel are too narrow.

They trench upon the authority of the officers of the law; they encourage disobedience to the orders of the courts; they are technical in the extreme, inasmuch as they make the criminal violation of the law depend upon the means in the hands of an officer to enforce it; they subject the officer attempting to execute the order of the court to delay, embarrassment and vexation, and they undoubtedly would defeat justice in many cases where a receiver is appointed to prevent the squandering or disposition of property. Receivers are usually appointed to take property for the reason that the interests of creditors require it to be taken from the custody of one who may dispose of it, and thereby defeat their rights. If the property would be preserved by the debtor or custodian until the end of the litigation, and would be then produced, there would be no necessity for a receiver; but, because there is danger of its being dishonestly disposed of, the court appoints a receiver. A case not wholly hypothetical will illustrate the necessity for the rule we recognize. A creditor having a lien upon property, which he is seeking· to enforce, is satisfied that it will be disposed of by the dishonest debtor. Upon his application a receiver is appointed, who proceeds to take possession of the property. But he is resisted. He must stop right there and obtain an order of the court or judge before he can again attempt to take the property. This will involve delay. The property being in a distant part of the county or district, when the order is obtained it comes too late, for the dishonest creditor has permitted destruction or disposition of the property, and will go unpunished for his villainy. Public policy is against the position of counsel, which is on the side of law-breakers.

The record before us shows that defendants were willful and bold violators of the law and of the order of the court. They appeared upon the application for the order to the receiver to take the property. (See exhibit C, quoted in the foregoing opinion.) But, instead of submitting to the order, or seeking to correct it, if it were erroneous, as a good citi-

zen would do, as law-breakers they armed themselves, set at defiance the order of the court and the requirements of the law, thus, with violence, preventing the receiver from doing just what the order of the court and the law required him to do. This court will not smooth the way of such offenders by searching for cunning reasons upon which they may be relieved of punishment.

VI.    We are astonished to find in the petition for rehearing a point made upon an apparent misprint, or mistake, in the third point of the original opinion, in citing Code, § 2905, which is printed in the *North Western Reporter* 2908. The mistake is apparent, and a little attention on the part of counsel would have enabled them to discover it.

No other points made upon the rehearing demand attention.    The original opinion is adhered to, and the judgment of the district court must be

AFFIRMED.