## *In re* HELWIG.

Comp. Laws, § 462, provided that all qualified persons might be licensed
to practice by any court of record, but no person should be admitted to
practice before the supreme court who was not licensed in some circuit
court. Laws 1893, c. 21, amended said section by providing that no one
should be licensed except on examination before the supreme court,
but that all persons then permitted to practice might continue. *Held*,
that one theretofore licensed in a circuit court could thereafter be ad-
mitted without examination in the supreme court.

(Syllabus by the court.   Opinion filed April 13, 1894.)  .

Application of W. H. Helwig to be admitted to practice in
the supreme court.   Granted.

CORSON, P. J.   The applicant presents proof that he was
duly admitted to practice as an attorney and counsellor at law
by the circuit court of the fourth judicial circuit, prior to July
1, 1893.   The records of this court do not show that he was
ever admitted to practice either in the territorial or state su-
preme court.   He now applies to be admitted to practice in this
court by taking the prescribed oath.   The question presented
is, can he be admitted without an examination before this
court?

By Section 462, Comp. Laws, it is provided that all persons
having the prescribed qualifications may be licensed by any
court of record to practice as attorneys or counselors at law.
But it is provided that "no person shall be admitted to practice
before the supreme court unless he shall have been licensed to
practice in some one of the district (now circuit) courts."
In 1893 this section was amended (Chapter 21, Laws 1893,) by
providing that no person shall be licensed to practice as an at-
torney and counselor at law in this state, except upon
examination before the supreme court. It is, however, provided
in the amendatory act "that all persons who by the laws here-
tofore or now in force, are permitted to practice as counselors
and attorneys at law, may continue to practice as such."   The

amendatory act took effect July 1, 1893. We are of the opinion that the intention of the legislature, by the proviso quoted, was to reserve to attorneys previously admitted to practice all the rights they then possessed under the laws then in force, one of which was the right to admission to practice in the supreme court upon proof of their admission by a circuit court. The object of the amendment of 1893, evidently, was to require parties applying for a license to practice in the courts of this state, after July 1, 1893, to be examined and licensed by the supreme court, instead of the circuit courts; and it would seem not to have been the intention of the legislature, by that amendment, to require attorneys who had been previously admitted to practice in the circuit court to be again examined in the supreme court. The presumption is that, before his admission to practice by the circuit court, the applicant was duly examined and found to possess the requisite qualification for admission. His right to admission to practice in this court under the former law is clearly reserved to him by the proviso in the act of 1893. To entitle an attorney who was admitted to practice in the circuit court, prior to the date mentioned, to continue to practice in the circuit courts of the state, nothing further is required by the law of 1893. When such an attorney applies to this court for admission to practice, we think nothing more is now required than was required under the law by which he was admitted, namely, to take the prescribed oath in this court. Our conclusion is that the applicant having presented proof of his admission to practice in the circuit court prior to July 1, 1893, he is entitled to admission to practice in this court without an examination herein. The applicant will therefore be admitted, and a license issued to him, upon his taking the prescribed oath.