## MURRAY *v.* FRIENSBERG.

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

1. FALSE IMPRISONMENT—INSTRUCTIONS—PROBABLE CAUSE.
   In an action for false imprisonment, an objection to the charge of the court, in that it stated that "there is no pretense upon the part of the defendant in this case that there was probable cause for this arrest," is obviated, where the court afterwards charges that, "if you could find anywhere in the evidence, as intelligent men, anything to convince you as reasonable men that there was probable cause for directing this man's arrest, you will give the benefit of it to the defendant."

2. SAME.
   A charge in such case that, "if you find the fact to be that this defendant directed the officer to arrest the plaintiff upon that occasion, in view of the fact that he was subsequently discharged, then the plaintiff is entitled to recover a verdict at your hands, because the law presumes an arrest under such circumstances to be caused by malice, and awards compensation in some sum to a person whose rights

are thus invaded," with the subsequent qualification that, "when the arrest is with-out probable cause, and the person is afterwards discharged, the law will presume it to be malicious," is correct.

3. SAME—COMMENTS ON EVIDENCE.

Where the evidence in such case showed that defendant had procured plaintiff's arrest on a charge of larceny, and that he was afterwards discharged, it is not error for the court to charge that "you may find from this evidence—you have a right to find from this evidence—that this arrest was caused by this defendant, and that he did make this charge of larceny against the plaintiff; and if you do so find, as I have already charged you, you have a right to award him such damages, within $2,000, as you think he ought to have."

LANDON, J., dissenting.

Appeal from circuit court, Albany county.

Action by Michael Murray against Louis Friensberg for false imprisonment. From a judgment for $337.69 damages and costs in favor of plaintiff, entered on a verdict, and from an order denying defendant's motion to set aside the verdict, and for a new trial, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*D. Cady Herrick*, for appellant.   *P. D. Niver*, for respondent.

MAYHAM, J.   The defendant went into the plaintiff's store to make some purchases, and while there the defendant discovered that the overcoat plaintiff wore resembled one which had been stolen from him on the preceding December.   He asked plaintiff where he got the coat, and, as defendant says, received from the plaintiff contradictory statements.   He then directed his clerk to procure an officer, as he says, to stand at the door, but the officer, on coming to the store, did not stop at the door, but came in, and was informed by the defendant of his suspicions, and then called the plaintiff to him, and, after asking him some questions, arrested him, and took him to the station-house, at the same time requesting the defendant to accompany him, which he did.   The officer and plaintiff testify that defendant directed the officer to make the arrest.   This the defendant denies.   After being locked up at the station-house from 11:45 A. M. until 2 P. M. he was taken before the recorder.   Defendant there refused to make a complaint against the plaintiff, and one was made by the officer, and, as both plaintiff and defendant desired an adjournment of the examination for the purpose of procuring witnesses, an adjournment was taken for two weeks.   On the examination the defendant was discharged.   The first exception taken to the charge, as appears from the record, is to that part in which the learned judge says: "This is the only controversy before you, because there is no pretense upon the part of the defendant in this case that there was probable cause for this arrest.   Nor is it asserted that the plaintiff was not properly discharged by the magistrate." On counsel asserting that he argued that to the jury, the court, in the most unequivocal terms, instructed the jury that "if you could find anywhere in the evidence, as intelligent men, anything to convince you, as reasonable men, that there was probable cause for directing this man's arrest, you will give the benefit of it to the defendant." With this qualification we think any objection to the charge on that point was cured.

The counsel for the defendant also excepted to the following language used by the judge in his charge: "If that is true, if you find the fact to be that this defendant directed the officer to arrest the plaintiff upon that occasion, in view of the fact that he was subsequently discharged, then the plaintiff is entitled to recover a verdict at your hands, because the law presumes an arrest under such circumstances to be caused by malice, and awards compensation in some sum to a person whose personal rights are thus invaded." The Court: "When the arrest is without probable cause, and the person is afterwards discharged, the law will presume it to be malicious." · With this qualification we think the judge's charge was correct.

The counsel for the defendant also excepted to this portion of the judge's

charge: "You may find from this evidence—you have a right to find from this evidence—that this arrest was caused by this defendant, and that he did make this charge of larceny against the plaintiff; and if you do so find, as I have already charged you, you have a right to award him such damages, within $2,000, as you think he ought to have." This charge did not assert any erroneous or unsound principle of law. If the jury adopted the theory from the evidence that the defendant directed the arrest, and there was no probable cause for the same established in the proof, the jury were at liberty to find for the plaintiff. On the whole case we find no ground for a reversal of this judgment. Judgment affirmed, with costs.

LEARNED, P. J., concurs.

LANDON, J. I dissent. The question of probable cause was for the jury. The court at first instructed the jury that there was none, and when his attention was called to the fact that that was the question counsel had discussed before the jury said: "If you could find anywhere in the evidence, as intelligent men, anything to convince you, as reasonable men, that there was probable cause for directing the man's arrest, you will give the benefit of it to the defendant." The jury must have understood this as a more emphatic and positive declaration than had already been made that there was no probable cause. The import of the sentence contradicted and negatived its literal terms, and declared the jury to be unintelligent and unreasonable, if they supposed there was probable cause.