## RICHARDSON v. HUSTON *et al.*

1. In an action against road officers for arresting plaintiff for resisting the opening of a road, where the complaint alleges that defendants acted "maliciously and without justifiable" cause, and without authority, defendants may show under the general issue their official character, and all the facts attending the transaction, not as a complete defense, but to prevent a recovery of more than actual damages, though such evidence tends to prove a full justification of the arrest.

2. Where officers, acting in good faith on a state of facts that reasonably warrant them in believing they have a right to act, arrests one who resists them, the jury is not warranted in finding exemplary damages in the absence of proof of malice, although the arrest may not be legally justified.

(Opinion filed Feb. 16, 1898.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Damages, for alleged illegal arrest and imprisonment. Plaintiff had judgment and certain defendants appeal. Reversed.

The facts are stated in the opinion.

*H. H. Keith* and *R. H. Warren*, for appellants.

Evidence on the part of defendants tending to show want of malice, that they were acting in good faith, or that there was probable cause for the arrest, was admissible under the general denial, and particularly in mitigation of damages. Comer. v. Knowles, 17 Kan. 436; Roth v. Smith, 41 Ill. 314; Livingston v. Burroughs, 33 Mich. 511; Com. v. Cheney, 55 Am. Rep. 448; Rich v. McInnery, 15 So. 663; Neall v. Hart, 8 Atl. 628; Newman v. Railroad, 7 N. Y. S. 560.

*Joe Kirby*, for respondent.

All matters of confession and avoidance, justification or excuse must be specially pleaded. Newall Malicious Pros. 416; 1 Chitty, Pl. 230, 501; Butterworth v. Soper, 13 Johns, 443; Stephen's Pl. 2d Ed. 377.

CORSON, P. J. This was an action to recover damages for an alleged illegal arrest and imprisonment of the plaintiff. There was a verdict and judgment for the plaintiff, and the defendants Berdahl, Dybedahl, and Blow appealed.

A brief statement of the pleadings and facts is necessary to a proper understanding of the errors relied on for a reversal of the judgment in this case. The plaintiff, whose husband owned a farm in Minnehaha county on the northerly side of which was a section-line highway, was arrested, as she claimed,

by order of the defendants. The defendants, who were town supervisors, in attempting, by their road supervisor, and men called out by him, to open a highway through the farm occupied by the plaintiff and her husband, were resisted by them, and the defendants' called upon the sheriff of the county to protect them. In response to this call, one Huston came to the place, and the plaintiff, making further resistance to the highway being opened, was by him arrested, and taken to Sioux Falls, some 20 or 30 miles distant, and detained in the county jail two days. There seems to have been a serious contention between the plaintiff and her husband on one side and the defendants on the other as to the opening of this highway along the line on which the defendants proposed to open and repair it, the traveled track at the time being several rods to the north of the proposed track which defendants proposed to open and repair. On the trial the plaintiff was allowed, over defendant's objection, to prove that the road that defendants were attempting to open was a new road, but defendants were not allowed to give evidence tending to prove that the road they were attempting to open was in fact on the line of the old road as it had existed up to within a few years of the time of the difficulty. It is the alleged error in the refusal of the trial court to admit this evidence on the part of the defendants that is mainly relied upon for a reversal of the judgment of the trial court. The respondent contends that, as there was no justification pleaded, the court correctly excluded the evidence. The appellants, however, contend that, inasmuch as it was alleged in the complaint that the defendants acted maliciously, willfully, and without probable cause in making the arrest or causing the plaintiff to be arrested, under a general denial it was competent for the defendants to prove all the facts and circumstances connected with the arrest to disprove the malice and want of probable cause, and thereby prevent a judgment for exemplary damages. In this contention, we are of the opinion, the appellants were correct. The plaintiff, in her complaint,

after stating that she was arrested and taken to jail in Sioux Falls, and was detained in custody for a period of two days, in the fourth paragraph alleges: "That in all of the acts and things aforesaid the said defendants did so act willfully, maliciously, and without justifiable or probable cause, and without right or authority so to do." The complainant then proceeds to allege that by reason of the acts of the defendant the plaintiff was greatly injured in her good name, and that she suffered great mental anguish, and demanded judgment for $5,000 damages. To this complaint the defendants interposed a general denial only, no justification being pleaded. There being no justification pleaded, the only issue to be tried as to the arrest and detention was as to whether or not the defendants did in fact arrest her, or cause her to be arrested, and taken to the jail at Sioux Falls, and the actual damages resulting from such arrest and detention. and no evidence tending to prove a justification was admissible thereunder. But the pleader, in her complaint, proceeded further, and alleged that said defendants did the said acts "willfully, maliciously, and without justifiable or probable cause, and without right or authority so to do"; and by reason of such acts not only claimed actual damages, but exemplary damages. By a denial of these allegations an issue was raised as to whether or not the alleged arrest and detention of the plaintiff was willful, malicious, and without justifiable cause, and without right or authority. Under this issue it was competent for the defendants to show their official character, and all the facts and circumstances attending the transaction; not for the purpose of a complete defense, but to prevent the recovery of more than actual damages as against them. If one seeks to justify an arrest and detention of another, he must plead the facts showing such justification. Newall, Mal. Pros. pp. 416, 417; Butterworth v. Soper, 13 Johns. 443; Demick v. Chapman, 11 Johns. 132. Mr. Newell states the rule as follows: "In trespass to the person. the defendant can, under the plea of not guilty, give in evidence any

matter which directly controverts the fact of his having committed the acts complained of. The plea of not guilty, therefore, is proper in actions for false imprisonment, if the defendant committed no imprisonment; but where the acts complained of by the rules of common law *prima facie* appear to be trespass, and the allegations of the complaint cannot be denied, all matters of confession and avoidance, justification or excuse, or those by virtue of some warrant or authority, must, in general, be specially pleaded." But the allegations that the arrest was willful and malicious, and made without probable cause, are not essential to enable the plaintiff to maintain the action, and recover her actual damages caused by such arrest, but are inserted to enhance the damages, and the defendants were therefore entitled to show their good faith, and the absence of malice, for the purpose of mitigating the damages. Newall, Mal. Pros. p. 249. It would therefore follow that the defendants were entitled to introduce any evidence tending to show that they acted in good faith, and without malice, in directing the arrest of the plaintiff, though such evidence might tend to prove a full justification for the arrest. It could only be admitted, of course, to mitigate the damages, and prevent more than actual damages being recovered in the action.

Mr. Randall, a witness for the plaintiff, was asked the following question: "Q. At this time which you relate, when they said they were going to arrest everybody that resisted opening the road, where was this road attempted to be put through?" This question was objected to, and objection overruled. His answer was: "Through Mr. Richardson's farm. As I understand it, that is the question. This was a new road they were trying to open through." This was very important testimony, for, if these defendants were attempting to open up an entirely new road through Mr. Richardson's land, and were tearing down his fence without any right or justification, it would tend to influence the jury strongly against them. Defendants therefore sought to show that the road they were at-

tempting to open was not a new road, but the old traveled road, and they therefore asked witness Stout, a witness for the defendants: "At the time you owned the land that cornered in there, you may state whether the traveled track by the public went right where they put in the culvert on this day." This was objected to, and the objection sustained. Again he was asked: "You have stated there was a track on the north. You may state whether there has been a track in any other place or not. A. Yes, sir. Q. Where?" This question was objected to, and the objection sustained. All similar evidence was objected to, and the objections sustained, thus leaving before the jury the fact that the defendants were trespassers, which, of course, had a tendency to prove that they were acting without any pretense of right, and were, therefore, acting willfully and maliciously in causing the plaintiff's arrest while assisting her husband in protecting his property from a trespass. Under the second issue this evidence was clearly competent, and should have been admitted.

The learned circuit court evidently tried the case upon the theory of the plaintiff that, as the defendants had failed to plead any justification, they could not show any facts connected with the transaction that would tend to prove a justification; and inadvertently overlooked the second issue raised by the pleadings, under which the defendants had the right to show any facts disproving malice and want of probable cause, for the purpose of reducing the damages and to prevent the recovery of damages in excess of the actual damages sustained by the plaintiff, though such facts might tend to prove justification. As we have seen under the pleadings, this was an erroneous theory. The defendants claimed that they were, as town supervisors, attempting to open up and repair the old established highway upon a section line, and that the plaintiff was engaged at the time of her arrest in illegally obstructing and preventing the men under the road supervisors from proceeding with their work, and that one Huston, a deputy sheriff, ar-

rested her while so preventing such workmen from proceeding with their work. Assuming, as must have been found by the jury, that Huston arrested the plaintiff under the orders and by the direction of the defendants, and at their request, it was necessary for them to prove, or give evidence tending to prove, that the highway they were attempting to open was the old traveled road, and not a new one, for the purpose of disproving malice. It was not necessary for the defendants in this case to prove to the satisfaction of the jury that the road they were attempting to open was, in fact, a legal highway, but to prove that it was the old traveled road, as tending to disprove malice, and show that they were acting in good faith, and were in good faith attempting to open and repair the old road; and, if so acting in good faith, they were resisted by the plaintiff and did in fact order her arrest, they would not be liable for exemplary damages, but only for the actual damages she might have sustained by reason of the arrest. All the facts, therefore, in regard to the old road were material to enable the jury to determine whether or not the defendants were acting maliciously, willfully, and without probable cause in attempting to open this road. If, as before stated, the defendants were acting in good faith, upon a state of facts that reasonably warranted them in believing that they had the right to open and repair the old highway, and the plaintiff resisted the workmen employed in such work, the jury, though such arrest might not be legally justified, would not be warranted, in the absence of proof of express malice, in finding exemplary damages. The learned court submitted the case to the jury upon the theory that there was evidence tending to prove malice, and how much of the damages found by the jury was exemplary cannot be determined. For the errors in excluding the evidence of defendants as to the existence of the old road, judgment and order denying a new trial are reversed, and a new trial awarded.