## NEYS v. TAYLOR.

1. In an action for malicious prosecution in causing plaintiff's arrest for breaking and entering a dwelling house, a recorded contract of sale by the owner of the property to plaintiff's husband was admissible to show that defendant had cause to believe that plaintiff and her husband had a right to enter the premises.

2. Plaintiff and her husband, on returning to their home after an absence of six weeks, found the house locked, and were refused admission by defendant's servants. Plaintiff's husband broke a window, and entered the house, and admitted plaintiff; whereupon defendant procured the arrest of both. *Held,* that defendant had no probable cause for plaintiff's arrest, since it did not appear that she took any direct part in the breaking.

3. Comp. Laws, § 6221, provides that a subjection sufficient to excuse a wife from punishment for certain crimes may be inferred from the fact of

coverture, when she committed the act charged in the presence and with the assent of her husband. *Held,* that *Id.* § 2600, providing that married women shall retain the same legal status after marriage as before, and conferring on them rights not previously possessed, does not subject a wife to prosecution for a crime committed in the presence of, and with the assent of, her husband, from which she would be otherwise immune under Section 6221.

4. In an action for malicious prosecution, where defendant had plaintiff arrested without probable cause while sick, and plaintiff was not treated with proper care or consideration by the constable, a verdict of $1,000 will not be set aside as excessive, though greatly in excess of the actual expense to which plaintiff was subjected by reason of the arrest.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

Action by Catherine Neys against I. C. Taylor for damages for malicious prosecution. From a judgment for plaintiff, defendant appeals. Affirmed.

*George Rice,* (*Aikens & Judge* of Counsel) for appellant.

*Keith & Warren,* for respondent. .

CORSON, J. This is an action for damages for an alleged malicious prosecution. Verdict and judgment for the plaintiff, and the defendant appeals. It appears from the evidence that in the summer and fall of 1895 the plaintiff resided with her husband upon a certain farm in Moody county, and that on or about the 15th of November they left the farm, leaving a small portion of their household effects in the dwelling, and took a restaurant, or hotel and restaurant, in the village of Egan. About the 2d day of January, the plaintiff, with her husband, concluded to return to the farm, not finding the business of keeping the hotel profitable. When they arrived at the farm,

they found the dwelling house locked, and two men inside, who refused to open the door, and admit the plaintiff or her husband. The plaintiff claimed that while being kept out of the house, some half hour or more, she became quite ill, and begged her husband to take her into the house, where she could lie down, as she was not able to go back to town. Thereupon the husband, being still refused admission, broke a window, entered therein, and subsequenⁱly admitted the plaintiff, who immediately lay down. A short time after the entrance of the husband and wife into the house, the defendant appeared, and upon inquiring what had happened or "what the fuss was about," and being tolⱭ by the men who were previously in the house that the husband of the plaintiff had broken in the window, and, with the plaintiff, had entered the house, the defendant thereupon immediately proceeded to town, and made complaint against the plaintiff, her husband, and some two or three teamsters who were hauling household goods from the town for the plaintiff and her husband, charging them with "having willfully, maliciously, and unlawfully broken into the house of John C. Taylor, * * * in said Moody county, by tearing down and breaking the windows of said dwelling house while the same was occupied by the hired man" of the said defendant. A warrant was issued by the justice, and placed in the hands of the constable, who, with the defendant, returned to the dwelling house, and arrested the said parties, including the said plaintiff, and took them before the justice of the peace of the said town of Egan, where an examination was entered upon as to all the parties arrested, except the plaintiff, who, being too ill to attend the examination, waived the same. The plaintiff remained ill at the restaurant in Egan until the 17th of January,

when she again returned to their farm.    At the following term
of the circuit court in and for Moody county the state's attor-.
ney made a statement, in which he declined to file an informa-
tion against the said parties so arrested, stating his reasons
therefor; and thereupon the plaintiff in this action, together
with the other parties arrested, was discharged.    In the answer
in this action the defendant admitted that he appeared before
the justice of the peace in the village of Egan, charged the
plaintiff with the commission of a criminal offense, substantial-
ly as alleged in the plaintiff's complaint, and caused the arrest
of the said plaintiff, but denied that he acted maliciously or
otherwise than in good faith, honestly believing that the plaint-
iff was guilty as charged in the complaint; admitted that a
warrant was issued, and that the plaintiff was arrested under
and by authority of the same; that she was taken before said
justice, and required to give bail for her appearance at the next
regular term of the circuit court in and for said Moody county;
and that she appeared before said court, and was discharged,
and the said action against her dismissed, upon the motion of
the state's attorney in and for said county.    On the trial of this
action the plaintiff testified:    "I was living on our place south
of Egan; got the land from I. C. Taylor.    Q.    Under contract?"
Defendant objected to this question as incompetent, immaterial
and irrelevant.    Objection was overruled, and exception taken.
•The answer was, "Yes, sir."    The witness was then shown
Exhibit D. being a contract for the sale of land executed by
John C. Taylor to the plaintiff's husband, Peter Neys.    Defend-
ant objected to the said contract as incompetent, immaterial,
and irrelevant, the objection was overruled, and defendant ex-
cepted.    By the contract offered, it appears that Neys, the hus-

band of the plaintiff, had paid $1,100 at the date of making the contract, February 1, 1895, and that the next payment was to be made on the 1st day of November, 1897, and, inferentially at least, said Neys was entitled to the possession of the said premises until default should be made in the payment of the sums stipulated in the said contract. The appellant contends that the admission of this contract in evidence was error, as the question of the respective rights of the parties to the possession of the dwelling house in controversy could not be properly tried in this action. The respondent contends that the contract was admissible for the purpose of showing the relation of the parties to the property, and that the appellant did not have probable cause for believing that the respondent committed the offense with which she was charged. We think the position of the respondent is correct. The burden was upon the plaintiff to show that her arrest was made without probable cause, and maliciously. Certainly, if she and her husband were living in the dwelling house a few weeks prior to the arrest, under a contract for its purchase, and under which they had the right to the possession, and returned thereto with the intention of resuming their residence thereon, presumptively they had the right to enter the house, if they found the doors locked, in such manner as they might deem proper. Of the existence of this contract, and the rights of the plaintiff and her husband thereunder, the defendant will be presumed to have knowledge, as the contract was a matter of record, having been recorded on the 1st of February, 1895. The existence of this contract, therefore, had an important bearing upon the question of whether or not the defendant had probable cause for believing the plaintiff guilty of the offense charged.

We are of the opinion, therefore, that the court ruled correctly in admitting the contract in evidence.

At the close of the evidence on the part of the plaintiff, the appellant moved the court to direct a verdict in favor of the defendent, upon the ground that the evidence showed that he had probable cause for the arrest of the plaintiff, and, further, that the evidence does not show that there had been a final determination of this case. The motion was overruled, and the appellant excepted. The appellant offered no evidence on his part, and the case was submitted to the jury, under the instructions of the court.

When the facts are undisputed, the question of whether or not there is probable cause for the arrest of the party is a question of law for the court, and the court, by the denial of the motion to direct a verdict for the defendant, in effect held that the facts proven did not constitute probable cause for the arrest of the plaintiff, and in thus holding we are of the opinion that the learned circuit court was correct. It was not shown that the plaintiff took any part directly in breaking into the house. She was there with her husband, it is true, but, as they had returned with the intention of taking up their residence there, the mere fact that she was found in the house at the time the defendant went there would not justify the defendant in causing her arrest.

It is further contended on the part of the respondent that the plaintiff was not subject to arrest, for the reason that whatever part she took in the transaction of entering the house was in the presence of, and presumably under the direction of, her husband; and, in support of this contention, called the attention of the court to the following provisions contained in the

criminal law of this state: Section 6215, Comp. Laws, provides: "All persons are capable of committing crimes except those belonging to the following classes: * * * (7) Persons who committed the act or made the ommission charged who are under involuntary subjection to the power. of superiors." Section 6219 provides: "The involuntary subjection to the power of a superior which exonerates a person charged with a criminal act or omission from punishment therefor, arises either from (1) duress; or (2) coverture." Section 6221 provides: "A subjection sufficient to excuse from punishment may be inferred in favor of a wife, from the fact of coverture, whenever she committed the act charged in the presence and with the assent of her husband," except as to certain crimes named in the section none of which includes the crime charged in the complaint against the plaintiff. Counsel for the appellant insist, however, that these sections of the statute have, in effect, been repealed by Section 1, c. 98, Laws 1887, the same being Section 2600 of the Compiled Laws, which reads as follows: "From and after the passage of this act, woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone; provided, this act shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law." It will be observed that this section confers upon women certain rights not

before possessed by them: Among these are the protection of all her rights as a woman which her husband has as a man, and that, for any injury sustained to her reputation, person, property, character, or any natural right, she shall have the right to appeal to the courts in her own name, for redress, that her husband has in his own name. But it is not in terms or by inference declared that she shall not be entitled to the protection which the law had previously guarantied to her. We are unable to discover any conflict between the provisions of the latter section and those of the former, and we think that the sections are entirely consistent. It will be seen, therefore, that, under the provisions of the former sections, the wife was not subject to arrest, and of this fact the appellant must be presumed to have had knowledge. He knew that the husband was there with the wife, and, being there present, any part that the wife might take in the entry of the house, committed while in his presence, will be presumed to be with the assent of her husband, unless the contrary appears. It is quite clear that no probable cause existed for the arrest of the plaintiff.

It is further contended on the part of the appellant that the damages were excessive. But this court cannot say, in view of all the circumstances surrounding and attending the arrest, that the amount of $1,000 found by the jury as damages was excessive. It is true that the plaintiff was not subjected to a very large expense for physician's bills, attorney's fees, etc., but in cases of this character juries are not limited to the amount of such expenditures, but may take into consideration the physical and mental suffering of the party, and courts will rarely reverse a judgment for excessive damages in such case, unless the jury have apparently been influenced by passion or

prejudice.   There was evidence introduced on the trial that would justify the jury in finding that the appellant acted maliciously as well as without probably cause.   Finding no error in the record, the judgment of the court below is affirmed.