## Richardson v. Dybedahl *et al.*

1. By Comp. Laws, § 1277, it is the duty of the road overseer to remove obstructions in any highway in his township; by Section 6381, every one obstructing a public officer in the discharge of his duty is guilty of

a misdemeanor, and Section 7148 declares that a peace officer may arrest, for a public offense committed in his presence, without warrant. *Held*, that where in an action for malicious prosecution, it appeared that the overseer of highways had attempted to remove a fence on plaintiff's land, on the ground that it obstructed a highway, and there was evidence showing that she resisted such removal, and she was arrested by a deputy sheriff without a warrant, and she claimed that defendants instructed the sheriff to arrest her, the issue to be determined was not whether a highway had been legally established, so that plaintiff's conduct was a public offense under Section 6381, justifying her arrest under Section 7148, but whether the facts were such as to have led a person of ordinary caution to believe such to be the case.

2. If defendants instructed the officer to arrest plaintiff, and plaintiff was afterwards discharged without hearing, their liability was the same as if they had instituted proceedings.

3. There could be no recovery unless both malice and want of probable cause were shown.

4. In an action for malicious prosecution, malice may be inferred from want of probable cause.

5. The question whether there was a want of probable cause was for the jury.

6. It being necessary to determine what facts were known to defendants when the arrest was made, it was proper to admit in evidence the proceedings relating to the establishment of the highway, showing the position of the highway on the earth's surface, and what inquiries had been made and what advice taken by defendants as to the location and legality of the highway.

7. Where plaintiff claimed that her arrest at the instance of defendants had been illegal, but that, if not so, it became illegal by reason of her having been taken to a magistrate other than the nearest one, in violation of Comp. Laws, § 7133, and there was evidence that she requested to be taken to another magistrate than the one nearest, it was error not to submit such issue to the jury, as well as the one as to the legality of the arrest in the first instance, since if plaintiff requested to be taken to another magistrate, a compliance with the re-

quest would not render those causing her arrest liable fo · false imprisonment.

FULLER, P. J. dissenting in part.

(Opinion filed December 15, 1900.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Sarah Richardson against Thor S. Dybedahl and others to recover damages for an alleged wrongful and unlawful arrest and imprisonment. From a judgment in favor of plaintiff, defendants appeal. Reversed.

*Keith & Warren,* for appellants.

It was error for the trial court to allow plaintiff to make a collateral attack on the highway laid out by the county commissioners on the line of the Walts survey. Dana v. Comstock, 32 At. 757; Elliott on Roads and Streets, 285.

The trial court erred in submitting the question of highway to the jury.

The trial court erred in striking out the testimony which explained the reason why and how respondent was brought to Sioux Falls. Whenever any act may be proved, statements accompanying and explaining that act made by or to the person doing it may be proved if they are necessary to understand it. Reynolds Stephen on Ev. 15; McDiwell v. Goldsmith, 61 Am. Dec., 305, 312; Barnes v. Allen, 1 Keys (N. Y.), 390, 393; Commonwealth v. Kennedy, 48 N. E. 770; Hamilton v. State, 10 Am. Rep. 22; Wharton's Crim. Ev. § 262; 1 Bish. Crim. Proc. § 1085; Abbott's Crim. Brief §§ 628, 634.

The undisputed evidence showing that the respondent committed a public offense in the presence of the officer making the arrest; and that there was probable cause for the arrest; and failing to

show any malice or want of justifiable cause, the respondent cannot recover. Rich .v. McInnery, 15 So. 663; Ball v. Rowles, 93 Cal. 222; State v. Rivers, 24 N. W. Rep. 260; Woodworth v. State, 26 Ohio St. 196; Tyron v. Pingree, 37 L. R. A. 222; State v. Richardson, 75 Am. Dec. 173; State v. Cassidy, 4 S. D. 50; Mitchell v. State, 28 S. E. 916.

*Joe Kirby, H. H. Smith* and *C. H. Winsor,* for respondent.

It was not necessary for a recovery by respondent to show that her arrest was made with malice and without probable cause; those questions only apply to exemplary damages and not to actual damages. Richardson v. Huston, 74 N. W. 234. In actions for malicious prosecution the question of probable cause is a mixed question of law and fact and should go to the jury under instructions from the court. Jackson v. Bell, 53 D. 257; Paddock v. Watts, 116 Ind. 156; Kimball v. Bates, 50 Me. 308; Brooks v. Warwick, 2 Starkie 393; McDonald v. Rook, 2 Bing (N. C.) 219; Gorton v. De Angelis, 6 Wend. 418; Masten v. Deyo, 2 Wend. 424; Stewart v. Sonneborn, 98 U. S. 187; 3 Phillips' Ev. 570; 3 Greenlf. Ev. 455.

Want of probable cause in actions for false imprisonment is no justification, but only goes in mitigation of damages. Connor v. Knowles, 17 Kan. 436; Shanley v. Wells, 71 Ill. 78; Livingston v. Burrows, 22 Mich. 511; Richardson v. Huston, 74 N. W. 234.

HANEY, J. On May 31, 1895, the plaintiff, with her husband and children, occupied a quarter section of land in Burke township, Minnehaha county. Defendant Huston, who has not been served with process in this action, was deputy sheriff. Defendants Berdahl, Dybedahl, and Blow, the appellants, were supervisors of Burke township. On that day the road overseer of that township, appellants, and several other persons came to the northeast corner of plaintiff's inclosed field and threatened to open and work an alleged

highway across the north side of such field.   On the following day
these parties returned, when the overseer cut plaintiff's fence and
proceeded to open the alleged highway, as previously threatened.
There is evidence tending to show that the plaintiff, with others,
actively opposed and interfered with the overseer in his efforts to
open the alleged highway.   During the altercation plaintiff was ar-
rested by the deputy sheriff without a warrant.   Subsequently she
was taken to Sioux Falls, retained in custody two days, and released,
without any legal proceedings having been instituted.   Thereafter
this action was commenced, resulting in a judgment for the plain-
tiff.   A motion for a new trial having been denied, the supervisors
appealed.

It is the theory of the plaintiff that her arrest was illegal, or,
if not illegal in the beginning, it became so by reason of her unlaw-
ful detention, and that appellants are liable because they directed the
conduct of the deputy sheriff.   Appellants deny that they directed
or influenced the conduct of the deputy sheriff;   contend that the
plaintiff committed a crime in the presence of that officer;   that there
was probable cause for her arrest, and that she requested to be taken
to Sioux Falls, in place of being immediately taken before a jus-
tice of the peace in her own township.   Hence the law applicable to
cases of malicious prosecution is involved, as well as the law appli-
cable to cases of false imprisonment.

Was the arrest illegal?   Whenever any public highway be-
comes obstructed or unsafe from any cause,  the road overseer has
power, and it is his duty, to call upon any and all persons liable to
poll tax in his district to come forth with such tools or teams as
the overseer may direct, and work upon such highway, in removing
obstructions or repairing dangerous places;   and any road overseer
who fails to perform this duty is subject to a criminal prosecution.

Comp. Laws, § 1277. Every person who willfully delays or obstructs any public officer in the discharge of, or attempt to discharge, any duty of his office, is guilty of a misdemeanor. Id. § 6381. A peace officer may, without a warrant, arrest a person for a public offense committed or attempted in his presence. Id. § 7148. · Hence, if any highway had become obstructed by the Richardson fence, it was the road overseer's duty to remove, or cause the removal of, such obstruction ; and if the plaintiff, in the presence of the deputy sheriff, intentionally delayed or obstructed the overseer in the discharge of this duty, she was guilty of a public offense, for which the deputy sheriff was authorized to arrest her without a warrant. The overseer's power did not extend beyond the removal of obstructions from the highway ; it was not his duty to enter upon any one's private property ; and, if this were an action against him to recover damages for trespass on the Richardson farm, he would be liable, unless it should appear that his operations were confined to the limits of a legally established and existing public highway. As a representative of the public, the overseer was entitled to the possession of the the entire highway, and to nothing more. But any questions as to the legality and location of the highway from which this overseer claimed the right to remove the Richardson fence are merely incidental to the principal issue in this action. That issue is not whether the plaintiff in fact committed a public offense in the presence of a peace officer, nor whether the overseer was in fact guilty of trespass, nor whether any highway had in fact ever been established or opened. The real issue is whether, if either of the appellants procured the plaintiff's arrest, there was probable cause for so doing. Reasonable or probable cause is defined to be such a state of facts in the mind of a prosecutor as would lead a person of ordinary caution and prudence to believe or entertain an honest and strong sus-

picion that the person is guilty. It does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. Newell, Mal. Pros. 252. If either of the appellants directed the deputy sheriff to make the arrest, his sutuation is substantially the same as if he had instituted proceedings charging the plaintiff with the offense of delaying or obstructing a public officer in the discharge of his duty, and the proceedings had been subsequently abandoned. The arrest of the plaintiff without a warrant was an initiation of a criminal proceeding sanctioned by the statute, and no one responsible therefor can be held liable in this action unless there was want of probable cause for commencing such proceedings. The want of probable cause is essential to every suit for a malicious prosecution. Both that and malice must concur. Malice, it is admitted, may be inferred by the jury from a want of probable cause, but the want of probable cause cannot be inferred from any degree of express malice. Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116. As heretofore stated, there was evidence tending to prove that the plaintiff had intentionally delayed and obstructed the overseer in his efforts to remove the plaintiff's fence. Were the facts, as they appeared to these appellants, such as would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the Richardson fence was an unlawful obstruction to any portion of a legally established and existing public highway? This was the important inquiry upon the branch of the case now under consideration. This was the mixed question of law and fact to be determined by the jury under the direction of the court. Jackson v. Bell, 5 S. D. 257, 58 N. W. 671. Its determination did not depend upon what the overseer knew and believed, but upon what the appellants knew and believed, regarding the location of the fence in relation to any existing public

highway. For any tribunal to determine this question intelligently, it is necessary to ascertain what facts were known and what facts should have been known to the appellants when the arrest was made. It was, therefore, proper to introduce the proceedings of the county commissioners relating to the establishment of the alleged highway; to introduce evidence tending to show the actual position on the earth's surface of such highway, and the conduct of the public and adjacent owners with respect thereto; to introduce evidence showing what inquiries had been made and what advice had been taken by the appellants regarding the legality and location of the highway; and from all the facts and circumstances, as shown by the evidence, it was for the jury to determine, under proper instructions, not whether there was a legal highway, within the limits of which the overseer was engaged in removing an obstruction, but whether these appellants honestly believed, and had reason to believe, that such was the fact—in other words, whether there was probable cause for instituting criminal proceedings against the plaintiff. Although it may now appear that the plaintiff was not guilty of any offense, for the reason that there was no legally established highway, for the reason that the fence was not an obstruction, for the reason that the plaintiff did not in fact delay or obstruct the overseer in the discharge of his duty, or for any other reason; although it may appear in this action that she was entirely innocent—the appellants cannot be held liable for her arrest unless it appears from the evidence that there was, as to them, a want of probable cause; and the burden is upon the plaintiff to show, by a fair preponderance of the evidence, both want of probable cause and that the prosecution was malicious. Appellants requested the court below to so charge the jury as to the burden of proof. The request was denied, the error was not cured by any portion of the charge given upon the court's

own motion, and for this reason the judgment should be reversed, and a new trial ordered.

If appellants did not cause the plaintiff's arrest, of course, they are not liable, in any view of the case. But, if they did cause her arrest, although there was probable cause for so doing, and the arrest was originally legal, a further issue arises—as to whether the conduct of the deputy sheriff subsequent to the arrest was such as to render him liable, and if so, whether appellants are responsible for such conduct. It was the duty of the deputy sheriff to take the plaintiff before a magistrate without unnecessary delay. Comp. Laws, § 7133. If, however, a person under arrest requests delay, or desires to be taken before some magistrate other than the one nearest and most accessible, and the officer complies with such request, neither he nor one who advises him in so doing can be held liable for false imprisonment. Concerning what was desired by the plaintiff in this respect, there was a direct conflict in the evidence, and the issue thus presented was not submitted to the jury. It was an issue raised by the pleadings, which should have been submitted under proper instructions. Another substantial feature of this controversy, which seems to have received no attention from counsel or court below, is the presumtion in favor of the plaintiff arising from the presence of her husband when the alleged crime was committed. It should be considered if the action shall be tried again. Comp. Laws, §§ 6221, 6223; Neys v. Taylor, 12 S. D. 488, 81 N. W. 901. Though the jury should find that the plaintiff was detained in custody an unreasonable time without her consent, of course, neither of the appellants would be liable for such detention, unless it should be proved by a fair preponderance of the evidence that he was responsible for the wrongful conduct of the officer subsequent to the time of the arrest.

After this action was decided upon a former appeal, defendants were allowed to amend their answer and plead facts in justification, thus presenting substantially different issues from those formerly considered by this court. Richardson v. Huston, 10 S. D. 484, 74 N. W. 234. Having endeavored to discuss all the questions likely to hereafter arise in the court below, we reverse its judgment and order a new trial.

FULLER, P. J. (dissenting). At the time of the occurrence complained of, and previous thereto, as stated in the majority opinion, there was much controversy about the real location of this road; and at the trial testimony was offered by the counsel for appellants for the purpose of showing that by certain statutory proceedings the road was established according to a survey made in 1878 by Cyrus Walts, but the jury has not so found. On the previous day the opening of this fence was objected to by a number of people who were now present. and appellants had procured the attendance of the deputy sheriff for the purpose of preventing further interference. From evidence sufficient to justify the jury in so finding, it was shown that the arrest was made without a warrant or probable cause, and at the instance of appellants, who expressly directed the officer to "arrest that woman and take her off the ground." She was taken into custody on Saturday about noon, and in the afternoon of that day, leaving her house in charge of two small children, was conveyed by team first to Dell Rapids, and then in the same manner to Sioux Falls, a distance of twenty-five miles from her residence, where she was confined in jail until some time on Monday following, when she was taken back to Dell Rapids in the custody of the officer, and from thence to the residence of a justice of the peace in Burke township, very near her home, where, after being retained two or three hours

she was released from custody, without a presentment or hearing of any kind. Concerning what was done after the arrest by Mr. Huston, pursuant to the direction of appellants, one well-coroborated witness testified in part as follows: "He placed her in the hands of Mr. Verberg. That was about 10 o'clock in the forenoon. Just before Mrs. Richardson was arrested, Mr. Raymond took a pair of pinchers and cut the wire. She tried to fasten the wire together; took the two ends up to pull them together—to splice them. That was just before the time when they ordered her arrested. Verberg kept her in charge until she went up to her house and they got dinner; and after dinner, about 3 o'clock in the afternoon, they took her away in custody. They brought her to Dell Rapids between 4 and 5 o'clock. I was present on these occasions. They left Dell Rapids about half past 6 or 7 seven in the evening, after dark. Arrived at Sioux Falls between 12 and 1 o'clock at night. It rained all the way—a good hard rain. From Dell Rapids to Sioux Falls is twenty miles, and from Richardson's to Dell Rapids, five miles. At Sioux Falls Mr. Huston took her into the jail. That was on Saturday. She was in custody all day Sunday. She was taken home Monday. Took her first to Dell Rapids on the train, and from Dell Rapids to her home. Mrs. Richardson asked the question if she could not have a hearing right there in the township before a justice. They said, 'No.' Subsequently she asked for a hearing in Dell Rapids. Mr. Huston answered her. He said 'No.' She did not have a hearing during that time. I was with them all the time." By the verdict it was found that appellants' act of instigating the arrest was unwarranted, for the reason that respondent did not resist the opening of a public highway; that she committed no offense against the public peace; and, in legal effect, their wanton delay, neglect, and refusal to charge the prisoner with a public offense, and give her a

hearing thereon before some legally constituted tribunal, is false imprisonment. By statutory expression it is made the duty of the road supervisor, on behalf of the people, to enter a complaint before a justice of the peace against any person who willfully obstructs a public highway, and any fine imposed on conviction must be immediately paid over to the county treasurer. Comp. Laws, § 1258. It is evident from this statute that for the obstruction of a public road an ample remedy is given, rendering absolutely unnecessary an arrest without a warrant by the direction of supervisors. Though the evidence is conflicting concerning the conduct of respondent which caused appellants to order the officer to make the arrest, a conclusion therefrom that she was guilty of no public offense might well be reached by a fair and impartial jury, although the existence of a public highway be conceded; and, in any event, it was their duty to make a timely complaint and give her a chance to be heard. It is well-settled law that a private person who directs and procures the wrongful imprisonment of another is liable in damages therefor, and that probable cause for the arrest affords no valid excuse for the causeless detention of a prisoner beyond the time reasonably necessary to present him for an examination or trial. 12 Am. and Eng. Ency. Law (2d Ed.) 751; Snead v. Bonnoil (Sup.) 63 N. Y. Supp. 553; McGarrahan v. Lavers, 15 R. I. 302, 3 Atl. 592; Floyd v. State, 12 Ark. 43; Kirk v. Garrett, 84 Md. 383, 35 Atl. 1089. Such unwarranted delay constitutes false imprisonment, and from all the facts and circumstances in the case the jury may determine the question of reasonable time. Hayes v. Mitchell, 69 Ala. 452; Cochran v. Toher, 14 Minn. 385; Taaffe v. Slevin, 11 Mo. App. 507; Murray v. Friensberg (Sup.) 15 N. Y. Supp. 450. As a matter of justification, it was the duty of appellants, when they caused the arrest, to promptly charge respondent before a justice of the peace with a public of-

fense; and a release without such presentment is entirely sufficient to create liability for false imprisonment. Brock v. Stimson, 108 Mass. 520; Arenson v. Thorstad, 72 Iowa, 145, 33 N. W. 607; Hackett v. King, 6 Allen, 58; 12 Am. and Eng. Ency. Law (2d Ed.) 747. Although upon this point no instruction was either requested or given, the testimony is undisputed that respondent was taken a distance of twenty-five miles from her place of residence, to the city of Sioux Falls, where she was placed in jail, and thereafter returned to her home, and taken before a justice of the peace, in the immediate neighborhood, whose jurisdiction was never invoked, the prisoner being released without presentment; and such evidence admitted without objection, was proper for the consideration of the jury. Conformably to the theory of the defense as previously noticed, appellants introduced in evidence certain proceedings relative to the laying out of the highway in dispute; and respondent presented testimony, admitted without valid objection, and sufficient to prove, that no such highway existed. The contention of counsel for appellants that respondent was allowed to attack collaterally the proceedings by which the road was established is without merit, and none of the objections urged to the introduction or the rejection of evidence is sustainable. The verdict in favor of respondent is supported by evidence submitted to the jury under instructions of which appellants have no just cause for complaint, and the judgment appealed from ought to be affirmed.