## RICHARDSON v. DYBEDAHL *et al.*

1. A charge stating that it appeared "from the undisputed evidence" that a certain state of facts existed was properly refused, where there was a conflict on that state of facts.

2. A charge that defendants would be liable if certain facts controverted by defendants appeared from the evidence to exist, when offered without the qualification "by a preponderance of the evidence," was properly refused.

3. Where the Supreme Court holds on appeal that certain evidence is ad-

missible, such determination becomes the law of the case on a subsequent trial.

4. One over whose land a road overseer attempts to open a highway which had not been legally laid out, or over land which did not legally constitute a highway, is not authorized to take the law into his own hands, and prevent the road overseer from performing his duty. Fuller, J , dissenting.

(Opinion filed Feb. 3, 1904.)

Appeal from circuit court, Minnehaha county; Hon. Joseph W. Jones, Judge.

Action by Sarah Richardson against Thor Dybedahl and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Joe Kirby*, for appellant.

*Hosmer H. Keith*, for respondents.

Corson, P. J. This is an appeal from a judgment entered on a verdict of the jury rendered in favor of the defendants. This is the third appeal in this case; the decision of the court in the first appeal being reported in 10 S. D. 484, 74 N. W. 234, and the second in 14 S. D. 126, 84 N. W. 486. The facts are so fully stated in the opinions on those appeals that a very brief statement will suffice for the purposes of this decision.

This is an action by the plaintiff to recover damages for her alleged illegal arrest and imprisonment by one Huston, a deputy sheriff, claimed by the plaintiff to have been made by the order of the defendants, who were the township supervisors and road overseer. At the time of her arrest the plaintiff resided with her husband upon a farm owned by him in Minnehaha county, on the north line of which, the defendants claim, was a section line highway. The road overseer, under the di-

rection of the township supervisors, attempted to open and repair this highway, and, while proceeding to remove a fence erected across the same, was resisted by the plaintiff. Thereupon the deputy sheriff present at the time arrested her, and took her to Sioux Falls, where she was detained in custody for two days, and then released without trial. The plaintiff and her husband claimed that the highway, if there was one, ran several rods further to the north than the line sought to be opened by the defendants, and further claimed there was no legal highway laid out on the section line. The defendants denied that they ordered the arrest of the plaintiff, and claimed that in opening the highway they were proceeding as township officers.

The judgment in favor of the plaintiff on the first appeal was reversed upon the ground that the defendants were not permitted to show their official character and the proceedings attending the transaction, and that they acted in good faith as such officers. On the second appeal the judgment in favor of the plaintiff was reversed by this court for errors occurring at the trial, and which will be further referred to in the course of this opinion, as many of the questions raised on this appeal were settled by that decision, which have become the law of this case. On the third trial, from which this appeal is taken, the judgment was in favor of the defendants; and the plaintiff claims that the court committed error in its charge to the jury, and in its refusal to give instructions requested by the appellant, and that the court erred in admitting in evidence the proceedings of the county commissioners in laying out the road in controversy.

The first contention on the part of the appellant is that the

court erred in refusing to give to the jury the following instructions: "(1)    It appears from the undisputed evidence in this case that the plaintiff is a married woman, and, at the time of and immediately preceding her arrest, was present with her husband at the place where her arrest was made, and where the transactions on her part which are claimed by the defendants to have been the cause of such arrest took place. Under the laws of this state, a subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of her being a married woman, whenever she commits the act charged in the presence of and with the assent of her husband, except certain of the greater crimes, such as treason, murder, etc., not material, under the evidence, to this case.    (2)    You are instructed that if it appears from the evidence that the plaintiff, when present at or near the place where the road overseer claims to have been attempting to remove a fence for the purpose of working what he believed to be a highway, and where she was arrested, was there in the presence of her husband, and that, whatever she did to hinder or obstruct the road overseer in his purpose, if she did it in the presence of and with the assent of her husband, then she was not guilty of any criminal offense, and if the defendants knew that she was there at all such times in the presence of her husband, and what she did was done with the assent and in the presence of her husband, when they knowing the law to be as I said to you—for every person is bound to know the law, at his peril—they would have no right to require her arrest; and, if they did so cause her arrest, under such circumstances, such arrest would be wrongful and without probable cause, and the defendants must answer to her in damages such as she sus-

tained by such arrest and imprisonment." · The first instruction was clearly objectionable for the reason that the court was asked to instruct the jury that it "appears from the undisputed evidence" that a certain state of facts existed. The court would not have been warranted in stating to the jury that the evidence in the case was undisputed, as there was a conflict in the same upon this subject; and the court in its general charge to the jury, gave the law substantially as stated in the requested instruction, omitting the statement that the evidence on the question was undisputed. The second requested instruction is equally objectionable, in that the jury were instructed that "if it appears from the evidence" that the facts existed which were controverted by the defendants, without the qualification of the words "by a preponderance of the evidence," they should find for the plaintiff. The material part of this instruction was also embodied in the general charge of the court, and the law as requested by the instruction, with the proper qualifications, was · therefore fully ·presented to the jury.

It is further contended by the appellant that the court erred in admitting the proceedings of the county commissioners, tending to show the establishment of the highway along the line over which the officers were endeavoring to open the same at the time of the arrest of the plaintiff; contending that the highway was on the section line on the north side of the farm owned by her husband. The defendants claim that the highway was located through the Richardson field, on what was known as the "Walts Survey," some 12 rods further south. As held in our former decision, the issue to be determined was, assuming that the defendants did in fact direct or order

the arrest of the plaintiff, was there probable cause for such arrest, and was or was not the same malicious? The object and purpose, therefore, of giving in evidence the proceedings of the board of county commissioners, was to show upon what evidence the defendants acted, and to establish their good faith in attempting to open the highway at the point where they met with the resistance, and to disprove malice. As stated in our former opinion: "The real issue is whether, if either of the appellants directed the plaintiff's arrest, was there probable cause for so doing? * * * * It does not depend upon the actual state of the case, in point of fact, but upon the honesty and reasonable belief of the party commencing the prosecution. The want of probable cause is essential for every suit for malicious prosecution. Both that and malice must concur. Malice, it is admitted, may be inferred by the jury from a want of probable cause, but a want of probable cause cannot be inferred from any degree of express malice. * * * Were the facts, as they appeared, * * * such as would lead a person of ordinary caution and prudence to believe and entertain an honest and strong suspicion that the Richardson fence was an unlawful obstruction to any portion of the legally established and existing highway? * * * It was therefore proper to introduce the proceedings of the county commissioners relating to the establishment of the alleged highway; to introduce evidence tending to show the actual position on the earth's surface of said highway, and the conduct of the public and adjacent owners in respect thereto. * * * It was for the jury to determine, under proper instructions, not whether there was a legal highway, within the limits of which the overseer was engaged in remov-

ing an obstruction, but whether these appellants honestly believed, and had reason to believe, such was the fact—in other words, whether there was probable cause for instituting the proceedings against the plaintiff.'' It will thus be seen that the question discussed by counsel as to the admissibility of the county commissioners' records was settled by the former adjudication of this court, and has become the law of the case. The theory upon which this evidence was introduced was to show that there was probable cause for instituting the criminal proceedings against the plaintiff, and for the purpose of showing that, if the defendants ordered or directed the arrest of the plaintiff, it was in good faith. As before stated, the court is not determining in this action where the true line of the road actually was, but whether, from the proceedings of the commissioners and the action of the public generally, and especially of the landowners along the line of the road, the defendants, as reasonably prudent men, were justified in beliving that the point where the appellant obstructed the officer of highways in opening the road was the true line The court clearly instructed the jury that this was the only object and purpose of the admission of the records of the county commissioners, and that the question as to whether these proceedings were strictly valid or not was not before them. The court, in its charge to the jury upon this subject said: "It was therefore proper to introduce the proceedings of the county commissioners relating to the establishment of the alleged highway, * * * * and from all of the facts and circumstances as shown by the evidence it was for the jury to determine, not whether there was a legal highway, within the limits of which the overseer

was engaged in removing an obstruction, but whether these defendants honestly believed, and had reason to believe that such was the fact—in other words, whether there was probable cause for instituting criminal proceedings against the plaintiff. Although it may now appear that the plaintiff was not guilty of any offense, for the reason that there was no legally established highway, * * * although it may appear in this action that she was utterly innocent, the defendants cannot be held liable for her arrest unless it appears from the evidence that there was, as to them, a want of probable cause; and the burden is upon the plaintiff to show by a fair preponderance of the evidence both want of probable cause, and that the prosecution was malicious." The court, therefore, very clearly presented to the jury the real issues involved in this case, and in language which could not have been misunderstood by them. The records, therefore, of the county commissioners were clearly admissible for the purpose stated, and it was not material in this case whether the proceedings of the county commissioners were or were not strictly and technically legal.

The road overseer was a public officer. State v. Rivers et al., 24 N. W. 260; Woodworth v. State, 26 Ohio St. 196; Tryon v. Pingree, 70 N. W 905, 37 L. R. A. 222, 67 Am. St. Rep. 398; State v. Richardson, 75 Am. Dec. 173. Obstructing him in the performance of his duties as such public officer constitutes a public offense. If there was an attempt to open the road over the land of the Richardsons which had not been legally laid out, or over land which did not legally constitute a highway, they had their remedy in the courts, but they were not authorized to take the law into their own hands and prevent the road overseer from performing his duties.

The learned counsel for the appellant contends that the circuit court committed error in charging the jury, and that his charge proceeded upon an erroneous theory of the case; but, after a careful examination of the charge, we are satis fied that the same states the law correctly, and that the theory upon which the case was tried was the correct one. The charge is too lengthy to reproduce in this opinion, and it must therefore suffice to say that we are unable to discover that the court committed an error in the same.

The judgment of the circuit court is affirmed.

FULLER, J. I do not concur, for reasons stated in my dissenting opinion reported in 14 S. D. 135-138, 84 N. W. 488-489.