LARUM, Respondent, v. BUTLER, Appellant.

(172 N. W. 778).

(File No. 4495. Opinion filed June 3, 1919.)

1. Negligence—Injury by Automobile Driver—Sharply Conflicting Evidence, Sufficiency.

In a suit for damages for personal injury from negligent driving of defendant's automobile, held, the evidence being sharply conflicting on question of negligence, that offered by plaintiff, if believed by jury, being amply sufficient to sustain verdict, the verdict should stand on appeal.

2. Negligence—Injury to Aged Man by Automobile—Verdict, Whether Excessive—Serious Injury, Nervous Shock—Prejudice, Passion, Whether Presumed.

In a suit for damages resulting from negligent driving of an automobile against and over plaintiff, a man 74 years of age,

and able to perform manual labor, breaking and in some degree permanently weakening his leg and otherwise seriously injuring him at the time, he having suffered considerable nervous shock therefrom, held, that question of amount of damages being largely one for judgment of jury, verdict will not be disturbed for excessive damages unless clearly the result of prejudice or passion, there being no evidence thereof in the record.

Appeal from Circuit Court, Moody County. Hon. Louis L. Fleeger, Judge.

Action by John E. Larum, against C. A. Butler, to recover damages for personal injury resulting to plaintiff by being negligently struck by defendant's automobile. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Krause & Krause,* for Appellant.

· *Aikens & Judge,* for Respondent.

(2) To point two of the opinion, Appellant cited:

Johnson v. St. Paul City Ry. Co., (Minn.). 55 N. W. 900; Patten v. Ry. Co., 32 Wis. 524.

Respondent cited:

Wheaton v. N. B. & M. R. R., 36 (Cal.) 590; Davis v. Holy Terror Mining Co., 20 S. D. 412-415.

McCOY, J. [1] This action was brought by plaintiff to recover damages for personal injury resulting to him by being negligently struck by defendant's automobile. There was verdict and · judgment for plaintiff, and defendant appeals. The points raised on this appeal are insufficiency of the evidence to justify the verdict, errors at law in the reception of evidence, errors in instructions to the jury, and excessiveness of the damages awarded by the jury. There was sharp conflict in the evidence on the question of negligence. There was evidence offered by plaintiff, which, if believed by the jury, was amply sufficient to sustain the verdict. It will serve no useful purpose to reproduce the same in this opinion. After having carefully examined the record, we are of the view that no prejudicial error appears in relation to the admission or rejection of evidence or in the instructions given to the jury.

[2] One of the grounds urged on the motion for new trial was the excessiveness of the verdict. The verdict was for $3,753.85. It appears from the evidence that at the time of the

accident plaintiff was 74 years of age, and was then not in a real good state of health, but was still able to perform manual labor. At the time of the accident plaintiff was in a crowd of persons who were attending a public sale of town lots; defendant ran into and through said crowd with his automobile, striking the plaintiff, knocking him down, running over him, breaking his left leg above the ankle, bruising and lacerating the left hip, and severing ligaments and bones between the shoulder blade and collar bone. Plaintiff was in the hospital some six weeks, and his left leg is to some degree permanently weakened as a result of said injury. It also appears that plaintiff suffered considerable nervous shock as a result of said injury. Considering that the question of what amount of damages shall be assessed and paid in actions of this character is so largely a question left to the good judgment of the jury who heard the case, courts hesitate to disturb the findings of the jury unless the verdict is clearly the result of prejudice or passion. In this case we are unable to say, or to find anything in the record, upon which to base a holding that the verdict of the jury was the result of prejudice or passion. While this verdict may be for a larger amount than some other jury might have fixed, still, we are of the opinion and so hold that the verdict in question should not be set aside on that ground alone.

The judgment and order appealed from are affirmed.