LARSEN, Respondent, v. JOHNSON, Appellant.

(197 N. W. 230.)

(File No. 5419.   Opinion filed February 11, 1924.)

1.   Malicious Prosecution—Elements Necessary to Sustain Action.

To sustain an action for malicious prosecution, the commencement or continuance of an original criminal or civil judicial proceeding, its legal causation by present defendant against plaintiff, its termination in favor of plaintiff, absence of probable cause, malice and damages, must be established.

2.   Appeal and Error—Law of Case—Opinion on Former Appeal Binding on Trial Court on Second Trial but Not on Appellate Court.

The opinion on a prior appeal is binding on the trial court on a second trial on the same state of facts, though not on the appellate court on a second appeal.

3.   **Malicious Prosecution—Good Faith—Damages—Advice of Prosecuting Attorney Held for Jury.**

In an action for malicious prosecution, whether defendant had communicated to the state's attorney all facts known to her, or which she could have ascertained by reasonable diligence, and whether she acted in good faith upon advice of the state's attorney in signing the information, held questions of fact properly submitted to the jury.

4.   **Malicious Prosecution—Jury—Whether State's Attorney or Defendant Was the Proximate Cause of Prosecution Held for Jury.**

In an action for malicious prosecution, the issue as to whether the state's attorney or defendant was the proximate cause of the prosecution held properly submitted to the jury.

5.   **Judgment—Judgment Notwithstanding Verdict—Denial of Motion for Judgment Notwithstanding Verdict Held Proper.**

In an action for malicious prosecution and for maliciously charging plaintiff with the murder of her (defendant's) son, after plaintiff has been discharged, where the evidence was sufficient to sustain the second cause of action, a motion for judgment for defendant notwithstanding a verdict for plaintiff held properly denied, regardless of the disposition of the charge of malicious prosecution.

Appeal from Circuit Court, Clay County; Hon. R. B. Tripp, Judge.

Action by Aldric J. Larsen against Hansene Johnson. From an order denying a new trial, defendant appeals. Order affirmed.

*Danforth & Barron,* of Sioux Falls, and *Gunderson & Gunderson,* of Vermillion, for Appellant.

*Bogue & Bogue,* and *W. J. Bulow,* of Beresford, for Respondent.

(3) and (4)  To points three and four of the opinion, Appellant cited: Krause v. Bishop, 100 N. W. 434; Anderson v. Friend, 85 Ill. 135; 18 R. C. L. 3, Sec. 2; Simmons v. Gardner (Wash.), 89 Pac. 887; King v. Apple River Power Co., 11 N. W. 668; Smith v. Federal Rubber Co., 175 N. W. 808; Rogers v. Olds (Mich.), 75 N. W. 933; Johnson v. Miller, 29 Ia. 743; Christy v. Rice (Mich.), 166 N. W. 894; Borg v. Bringhurst (Wash.), 178 Pac. 450; Bruce v. Elmergreen (Wash.), 180 Pac. 135; Johnson v. Southern Pacific Co. (Cal.), 107 Pac. 611; Cooper v. Fleming (Tenn.), 6 L. R. A. 849; Sebastian v. Cheney, 86

Tex. 502, 25 S. W. 693; Laughlin v. Clawson, 27 Po. 330; Davis v. Pacific Co. (Cal.), 57 Pac. 765; Dunlap v. New Zealand (Cal.), 42 Pac. 30.

Respondent cited: Maloy v. C. M. & St. P. R. R. Co. (S. D.), 148 N. W. 598; Olson v. Tvete, 46 Minn. 225, 48 N. W. 914; Struby-Estabrook Co. v. Kyes (Col.), 48 Pac. 663; Wucst v. American Tob. Co., 10 S. D. 394, 73 N. W. 903; Jackson v. Bell, 5 S. D. 257; Van Luden v. Osler, 47 S. D. 113, 146 N. W. 911; Wren v. Rohfeld, 37 S. D. 201, 157 N. W. 323; 27 Cyc. 111; Mundal v. Mpls. & St. L. R. Co. (Minn.), 99 N. W. 273, 92 Minn. 26, 100 N. W. 363; Thompson v. Price (Mich.), 59 N. W. 253; Billingesley v. Mass. (Wisc.), 67 N. W. 49; McNamee v. Nesbit (Nev.), 56 Pac. 37, 24 Nev. 400; Wyatt v. Burdette (Col.), 95 Pac. 336; Bechel v. Pacific Exp. Co. (Neb.), 91 N. W. 853; Daily v. Donath, 100 Ill. App. 53; Parker v. Parker (Ia.), 71 N. W. 421.

GATES, J. This cause was before us on a former appeal and an opinion was rendered in 43 S. D. 223, 178 N. W. 876. Upon retrial the jury returned a verdict for plaintiff in the sum of $4,000. The court denied defendant's motion for judgment notwithstanding the verdict, but therewith the trial judge filed an opinion stating that such ruling was because of the former opinion of this court and was contrary to his personal views; that it could be reasonably contended that the facts disclosed at this trial were not materially different from those on the former trial; and that in his opinion the undisputed evidence showed that the state's attorney was the proximate cause of the prosecution and not this defendant. The defendant appeals from the order denying new trial.

[1]   In Just v. Martin Bros. Co., 37 S. D. 470, 159 N. W. 44, we pointed out the elements necessary to sustain an action for malicious prosecution, viz:

"(1) The commencement or continuance of an original criminal or civil judicial proceeding: (2) its legal causation by the present defendant against the plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff."

That elements 1, 3, and 6 existed in this case was undisputed. That there was an absence of probable cause was clearly a question for the jury upon the record made at the trial. That appellant was actuated by malice can scarcely be doubted. At any rate, the evidence was amply sufficient to justify the jury in so believing.

Was the evidence undisputed that the state's attorney was the proximate cause of the prosecution and not appellant?

In the former opinion we said (and this is what influenced the trial judge to act contrary to his personal views):

"Whether or not a party communicates to counsel all the facts bearing upon the guilt of the accused known to him, or whether or not the accuser in good faith acted upon the advice of such counsel, are questions of fact to be determined from evidence. Likewise, whether or not the state's attorney based the prosecution on his personal investigation or on the statements of the accuser is also a question of fact to be determined from evidence. Malloy v. C., M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598. We are of the opinion that the evidence in this case on these propositions was of such a conflicting nature that different persons might reasonably have drawn opposite conclusions therefrom and therefore were questions for the jury to determine."

[2] It is true that upon the same state of facts that opinion was binding upon the trial court on the second trial, but it is not binding on this court, and we should re-examine the question. M. E. Smith & Co. v. Kimble, 38 S. D. 511, 162 N. W. 162.

[3, 4] It does not appear that any investigation was made by appellant or by the state's attorney as to respondent's whereabouts at the time appellant's son was killed. The testimony on that point tended to show that respondent could not have done the killing and it was properly a question for the jury whether appellant could have ascertained those facts by the exercise of reasonable diligence. The state's attorney testified to having made an investigation, but that investigation included an examination of appellant, who manifestly knew nothing at first hand of the killing. To the question, "And what opinion did you form?" he said:

"I decided on the way home that Albert Johnson had been

killed by some one and that Larsen was probably the man that did it."

The next day appellant went to the state's attorney and demanded the prosecution of Larsen. After further investigation the state's attorney told her that he thought she had evidence enough to start this prosecution and investigation. It further appeared that the state's attorney desired that the prosecution be delayed to await the result of the coroner's jury, but that appellant insisted upon immediate prosecution and the state's attorney complied with her wishes. It further appeared that the state's attorney then, for the first time, became her attorney; that he was one of her attorneys upon the former trial; that before the retrial he with drew from the case, but is still her attorney in another matter. In Johnson v. Shaver, 41 S. D. 585, 172 N. W. 676, we said:

"In this case we find this witness not remaining neutral, but appearing in court upon the trial as one of the attorneys for the proponents of the will. Knowing, as he must, that he would be called as a witness to testify to matters going to the merits of at least one issue raised by contestants, he should, in conformity with the Nineteenth Canon of Ethics adopted by the Bar Association of this state and the American Bar Association, have refused to act as attorney for appellants. His evidence is not entitled to that credence to which it would have been entitled if he had preserved that neutrality that a high sense of professional propriety would have demanded."

And in Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574, the court held that it was not error to submit to the jury in a malicious prosecution case the question whether defendant acted in good faith in consulting an attorney who represented him in a civil action.

Upon this state of facts we are of the opinion that the question whether appellant communicated to the state's attorney all the facts known to her, or which she could have ascertained by reasonable diligence, and the question whether appellant in good faith acted upon the advice of the state's attorney in signing the information in the criminal case, were questions which were proper to submit to the jury, and therefore that it cannot be said that the evidence is undisputed that the state's attorney was the proxi-

mate cause of the prosecution.  We do not think that this court erred in the former opinion, and consequently the trial court did not err in denying the motion for judgment notwithstanding the verdict.

[5.]  There is another point in this case that should not be overlooked, and that is, as shown by the former opinion, this was not only an action for damages for malicious prosecution, but was also an action for damages for falsely and maliciously continuing to charge respondent with murdering her son even after respondent's discharge upon the preliminary examination.  There was evidence to sustain that cause of action.  Therefore, regardless of the disposition of the charge of malicious prosecution, it would have been prejudicial error to have granted the motion for judgment.  We have examined the other alleged errors, but are of the opinion that there is no prejudicial error in the record and that appellant had a fair and impartial trial.

The order denying new trial is affirmed.

Note.—Reported in 197 N. W. 230.  See, Headnote, American Key-Numbered Digest, (1) Malicious prosecution, Key-No. 16, 26 Cyc. 8; (2) Appeal and error, Key-Nos. 1097(1), 1195(1), 4 C. J. Secs. 3078, 3265; (3) Malicious prosecution, Key-No. 71(1), 26 Cyc. 104; (5) Judgment, Key-No. 199(3), 23 Cyc. 779, 780.

On institution of prosecution on false information without investigation as showing lack of probable cause, see note in 5 A. L. R. 1688.

For authorities discussing the question of probable case as question for court or jury, see note in L. R. A. 1915D, 1.

On acquittal, discharge or discontinuance as evidence of want of probable cause in action for malicious prosecution, see note in 24 A. L. R. 261.

On question of acquittal or discharge as evidence of want of probable cause, see note in 64 L. R. A. 475.