McINTYRE, Respondent v. MEYER, Appellant

(136 N.W.2d 351)

(File No. 10187.   Opinion filed July 21, 1965)

**Herman & Wernke,** Gregory, for defendant and appellant.

**G. F. Johnson,** Gregory, for plaintiff and respondent.

HANSON, J.    This is an action for malicious prosecution in which plaintiff alleges defendant maliciously and without probable cause charged him with the crime of assault and battery. He was found "not guilty" by a jury in justice court and asks for $2,500 compensatory and $2,500 exemplary damages. The jury awarded a verdict for $1,750 without separation as to the kind of damages allowed. Defendant appeals contending the evidence is insufficient to support the verdict as he acted in good faith, upon the advice of his attorney, in commencing the criminal prosecution against plaintiff.

The evidence shows both parties farm or ranch in the same neighborhood in Gregory County. Both own or raise cattle and have pastures separated by a public road. Plaintiff, Lorin McIntyre, is 52 years of age and defendant, Ed Meyer, is 69. There is no evidence of hostility, ill will, or animosity between the two until a controversy over a calf occurred which precipitated this action.

According to plaintiff he owned a muley, white-faced calf which was a family pet because it had been sickly when young and had been bucket fed. Sometime during the spring of 1962

the calf was gone for three days. On May 15, 1962, some time after the calf returned, defendant Meyer drove into McIntyre's farm yard. It was Sunday morning. The conversation and relations between the two were friendly until defendant said to McIntyre "You have a calf over here that belongs to me." McIntyre replied: "I don't know of any calf of yours over here, but we'll go and look." They walked out in the cattle yard where defendant picked out the pet calf and said "There, that calf is mine." McIntyre said it wasn't and defendant replied "Yes, that's mine". McIntyre then testified that Meyer started to chase the calf and "I was going to stop him and I got ahead of him and struck him twice." Defendant used no force to defend himself. After getting up from the ground defendant went to his jeep and left plaintiff's yard. There was an exchange of curses during defendant's departure.

After defendant returned home he called Frank Kucera and asked what should be done. Kucera called the sheriff. He advised defendant to see an attorney or the state's attorney. The following morning defendant consulted with a doctor about spitting blood and had his ribs X-rayed. Afterwards he sought the advice of his attorney, Dudley Herman. After relating the incident to his attorney he was advised that plaintiff had committed the crime of assault and battery and he should see the state's attorney. Three or four days later defendant went to the state's attorney who drew up the criminal complaint against plaintiff which defendant signed.

The elements of an action for malicious prosecution which a plaintiff must prove by a preponderance of the evidence are stated in Kunz v. Johnson, 74 S.D. 577, 57 N.W.2d 116, as follows:

(1) the commencement or continuance of an original criminal or civil judicial proceeding;

(2) its legal causation by the present defendant against plaintiff, * *

(3) its bona fide termination in favor of the present plaintiff;

(4) the absence of probable cause for such proceeding;

(5) the presence of malice;

(6) damage conforming to legal standards resulting to plaintiff.

We are concerned here only with the element of probable cause. In this regard the advice of an attorney admitted to practice law in this state is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is (1) sought in good faith, and (2) given after a full disclosure of the facts within the accuser's knowledge and information. § 666 Restatement Law of Torts. Jackson v. Bell, 5 S.D. 257, 58 N.W. 671. To obtain immunity under this rule defendant was not obligated to prove good faith and "in the absence of proof of malice, other than proof that the plaintiff was acquitted, it is the duty of the court to presume that the defendant acted in good faith, as actual malice and bad faith are never presumed by the court." Krause v. Bishop, 18 S.D. 298, 100 N.W. 434.

Plaintiff contends defendant is not entitled to protection of the advice of counsel rule because he failed to make a full disclosure of all facts within his knowledge by not telling his attorney he was forcibly trying to chase the calf out of the pasture when he was struck. However, there is little evidence defendant was attempting to chase the calf out of the pasture. Plaintiff testified he hit defendant because he "thought" defendant was going to chase the calf out of the pasture. Defendant told his attorney he got hit when "he turned to go to the front of the calf." The cattle were in a fenced pasture and before the calf would be forcibly removed a gate would have to be opened. Defendant was under a duty to disclose all of the material facts within his knowledge to his attorney, but he could hardly be expected to know or to disclose the subjective thoughts of his assailant. The existence of probable cause "depends upon the facts within the knowledge of the defendant at the time the prosecution was instituted and not upon subsequent events nor upon

matters then unknown to him." Brown v. Keyes, 54 S.D. 596, 223 N.W. 819.

■ There is no evidence defendant maliciously instituted criminal proceedings against plaintiff for a purpose other than bringing an offender to justice. He did not act in haste or in the fever of anger. After obtaining the advice of his attorney a period of days expired before the criminal complaint was prepared by and apparently with the approval of an experienced state's attorney. The advice of counsel rule "applies with greater reason when the proceeding complained of was instituted by and with the approval of the prosecuting officer". Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643.

Under the circumstances, and in the absence of proof of malice except acquittal of plaintiff by a jury in justice of the peace court, the facts conclusively establish, as a matter of law, the existence of probable cause for the initiation of criminal proceedings by defendant against plaintiff. As this court said in Krause v. Bishop, 18 S.D. 298, 100 N.W. 434, "The criminal law must be enforced, and human agencies must be employed for the purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused; and where the prosecution is commenced on the advice of respectable counsel, after fairly presenting to his consideration all the facts, and he advises that they are sufficient, it cannot be held the prosecution is groundless and there is a want of probable cause."

Reversed.

All the Judges concur.