POLLMAN, Respondent v. AHRENS, Appellant ·

(218 N.W.2d 475).

(File No. 11288. Opinion filed May 22, 1974)

■

**Robert L. O'Connor**, Sioux Falls, for plaintiff and respondent.

**Timothy J. Nimick**, of **Woods, Fuller, Shultz & Smith**, Sioux Falls, for defendant and appellant.

BIEGELMEIER, Chief Justice.

Plaintiff brought this action for personal injuries resulting from a collision of two trucks. Upon trial, the jury returned a verdict in plaintiff's favor, and defendant appeals. Liability of defendant is undisputed. The record indicates plaintiff introduced all the medical testimony as to his injuries and also all the evidence as to defendant's negligence. There was evidence plaintiff had been injured in an automobile accident in 1968.

The court's instructions on damages include the two set forth in the margin.*

 claim of reversible error and his objection to the use of the word "aggravation" in Instruction 5(2) is based on his assertion that there was no evidence to support it. We believe the testimony of plaintiff and that of the three doctors who testified on his behalf, which covers 200 pages of the transcript,

---

* Instruction 5. "If you decide claimant is entitled to damages, you must then fix the amount of money which will reasonably and fairly compensate him for such elements of detriment of damage proved by the evidence to have resulted from the negligence of the party against whom he makes his claim, whether such detriment could have been anticipated or not.

"Whether any of the claimed elements of damage have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture. Any amount awarded for future damages must be proven to be reasonably certain to result in the future.

"The plaintiff's claimed elements of damage for your determination are:

(1) The nature, extent and duration of the injury, and any disability caused thereby, and whether any disability is reasonably certain to be permanent;

(2) The aggravation of pre-existing ailment or condition, if any;

(3) The pain and suffering experienced as a result of the injury;

(4) The reasonable expense of necessary medical and hospital care, treatment, and services received, and expense incurred for X-rays, medicine, and drugs;

(5) Any loss of earnings by reason of inability to perform his usual work, and any loss of earning capacity he is reasonably certain to suffer in the future as a result of the injury, taking into consideration insofar as shown by his habits, health, physical ability, and earning power before the injury and what they are now and are reasonably certain to be in the future, as well as his age and life expectancy, if any such loss is reasonably certain to continue for the remainder of his life."

Instruction 6. "If, because of a previously existing illness, a person was not in good health or physical condition at a time when he was subjected to the negligent conduct of another, we must be careful not to place the blame for that previously existing condition on anyone involved in the later events in question. However, if the person's subnormal condition was made worse by another's negligent conduct, that worsening effect is an injury for which recovery may be had, if the injured person is entitled to recover at all. This is true even if the person's condition made him more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normal person probably would have survived the same experience without any substantial injury.

"In giving the foregoing Instruction, I do not mean to imply any opinion or suggestion as to what the facts actually are, and you will disregard the Instruction if it does not fit the facts as you find them."

See S.D. Pattern Jury Instructions 30.01 et seq.

does support the trial court's instructions. Reference will be only made to some of that evidence.

An orthopedic surgeon was of the opinion that as a result of the collision the plaintiff incurred a soft-tissue injury superimposed on a pre-existing degenerative arthritic condition and degenerative disc disease, both being present in plaintiff's neck and lower back. He also testified that as a result of the collision the plaintiff has a permanent partial physical impairment that amounts to ten percent of the entire man.

The doctor's testimony is replete with such medical terms as "the sciatic nerve", "lower lumbar spine", "a nodule", episacral lipoma", "the disc space", and "lumbar interspace". After extensive questioning, Dr. Nice testified when he saw plaintiff a year after the accident he was

> "suffering mostly from chronic lumbar sprain. In other words, soft tissue injury which had been superimposed on a pre-existing degenerative arthritis, and degenerative disc disease which had been present prior to his accident in both his neck and * * * in his low back. * * * I feel that the pain that he has has arisen * * * from his accident. * * * there is no treatment that's likely * * * (to) result in a cure * * * (or) rid him * * * of his problems with his back and his neck. * * * Mr. Pollman will not improve from these injuries."

Dr. Nice further testified that:

> "the soft tissue injuries [plaintiff] sustained as a result of this truck accident * * * would * * * be more difficult to treat because of his underlying degenerative arthritis".

Dr. Frost testified that plaintiff received treatment to the same neck area as that treated with physical therapy when he was injured in 1968. The 1971 injuries also involved plaintiff's lower back which in turn affected his leg and other parts of his body. Plaintiff testified he had constant pain in his neck as a result of the 1971 accident.

It is pressed here that the doctor's use of the word "superimposed" did not authorize the trial court's use of the word "aggravation" in the instruction. Webster's Third New International Dictionary defines "superimpose" as "to add or impose without integrating" and "aggravate" as "to make worse". Instruction 6 clearly advised the jury not to place any blame on defendant for any previously existing condition, and the effect of all the evidence was such as to permit the jury to determine whether plaintiff's added injuries made worse any of his former ailments. It would be an exercise in semantics to accept defendant's contention, and we decline so to do.

This claimed difference or distinction in the use of the two words apparently did not trouble the Supreme Court of Idaho in Blaine v. Byers, 1967, 91 Idaho 665, 429 P.2d 397. In that case plaintiff had a pre-existing arthritic condition to which the court addressed itself as follows:

"The sprain or whiplash injury received in the collision, superimposed on the previously asymptomatic arthritic condition, was described as having caused the condition to rapidly progress and become disabling."

In Newbury v. Vogel, 1963, 151 Colo. 520, 379 P.2d 811, plaintiff's appeal was for a new trial on the ground that the jury verdict was inadequate. The opinion granting a new trial referred to the record as follows:

"The testimony of Newbury's medical witness was to the effect that as a result of the accident Newbury had suffered an acute spinal sprain which had been superimposed on a pre-existing arthritic condition."

It is axiomatic that the instructions must be considered as a whole, and, when thus considered, we are of the opinion that they sufficiently and correctly stated the law on the issues presented. See N.W. Bell Telephone Co. v. Henry Carlson Co., 1969, 83 S.D. 664, 165 N.W.2d 346.

Defendant claims the jury verdict of $85,500 is excessive. The evidence showed plaintiff was about 48 years of age when injured; that his annual earnings as a trucker were $11,885, and

by reason of his injuries he could not continue that work; and that after the accident his earnings were $3,707. The evidence was that he had a life expectancy of 23.3 years and a work life expectancy of 16.3 years.

In denying the motion for a new trial, the trial judge recognized the verdict as generous, but judged it by the guidelines for reviewing a jury verdict in substantially the same words quoted by the court in Byre v. Wieczorek, 1971, 85 S.D. 645, 190 N.W.2d 57, and more recently on the second appeal, 1974, 88 S.D. 185, 217 N.W.2d 151. The rule establishing these guidelines had its origin in Coleman v. Southwick, 9 Johnson 45, 6 Am.Dec. 253 at 258, where the court wrote:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess."

This quotation appears in Schuler v. City of Mobridge, 44 S.D. 488, 184 N.W. 281, and in many later opinions.

Our appellate review is thus expressed in Hotovec v. Howe, 1961, 79 S.D. 337, 111 N.W.2d 748, as:

" 'There are no accurate means of monetarily evaluating the detriment caused plaintiff by her pain, suffering and discomfort. Of necessity the amount of damages to be awarded therefor is largely left to the good judgment of the jury. Larum v. Butler, 42 S.D. 30, 172 N.W. 778. And when courts scrutinize the exercise of that judgment they must keep in mind the reduced value of our dollar. In passing on the question of whether such award is legally excessive the trial judge exercises a judicial discretion. Because of his participation in the trial he is in a better position than are we to make this determination. For this reason the Tufty case admon-

ishes us to act with reluctance in disturbing an award approved by the trial judge. When this award is viewed in the light of applicable principles we are unable to say that the trial court abused its discretion in holding the verdict not excessive.' Ross v. Foss, 77 S.D. 358, 92 N.W.2d, 147, 153."

Some of defendant's arguments directed to the loss of earnings and earning capacity are discussed in the recent Byre v. Wieczorek opinion, supra. We need not repeat them here. Neither those arguments nor other contentions of defendant reveal prejudicial error.

The judgment appealed from is affirmed.

All the Justices concur.