## JAMES R. GLOVER ET AL. *v.* MICHAEL R. FLEMING

[No. 664, September Term, 1976.]

*Decided June 9, 1977.*

The cause was argued before DAVIDSON, MELVIN and LISS, JJ.

*W. Lee Harrison,* with whom was *Sheila J. Carpenter* on the brief, for appellants.

*Irvin N. Caplan,* with whom was *Robert J. Romadka* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

After 7:30 p.m., on 22 August 1974, seven employees, including Michael R. Fleming and Robert C. Gray, were on duty at the Alban Tractor Co., Inc. At 6:30 a.m., on 23 August 1974, James R. Glover, the parts operation manager, learned that $460 had been taken from a cash drawer in an inner office. Glover called the police who interviewed six of the men who had been on duty. Gray was not interviewed because he did not report for work on 23 August. It was learned that before the theft Gray had borrowed a ring of keys containing a key to the inner office from another employee, and had removed and replaced that key before he returned the ring.

Subsequently, the police advised Glover that the interviews had not produced sufficient evidence "to charge anyone." Glover opined that Gray was a "prime suspect," but stated that he had no definite proof. They decided to administer polygraph tests to Gray and another employee. The tests were interpreted as showing that Gray had not truthfully answered questions about his involvement in the crime, and that he himself had either taken the money or knew who had taken it. Thereafter, Gray told the police and Glover that he had seen Fleming take the money and that he would so testify in court. The police and Glover questioned Fleming who denied the theft.

After consulting with another company official, Glover applied for a warrant. Fleming was arrested and charged with larceny. According to Glover, at the time he filed the complaint he "didn't know" whether Fleming had committed the crime. He filed the complaint because "we wanted to find out who the guilty party was."

The State's Attorney, having determined that there was not enough evidence for a conviction, asked that Fleming be given a lie detector test. The test showed that he "had no involvement with the crime." On 12 November 1974, the charge was dismissed. Fleming terminated his employment with the company in January, 1975.

On 29 January 1975, in the Circuit Court for Baltimore

County, Fleming, the appellee, filed suit against Glover and Alban Tractor Co., Inc., the appellants, seeking damages for malicious prosecution. A jury, presided over by Judge Kenneth C. Proctor, found them liable. Here, the appellants contend that the trial court erred: 1) in refusing to grant their motion for a directed verdict because Fleming had failed to establish a lack of probable cause; and 2) in refusing to grant their motion for judgment notwithstanding the verdict because "the uncontradicted evidence negated any inference of malice."

The elements of malicious prosecution are: 1) a criminal proceeding instituted by the defendant against the plaintiff; 2) termination of the proceeding in favor of the accused; 3) the absence of probable cause for the proceeding; and 4) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.[1] Probable cause has been defined as:

> " 'A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offense of which he is charged.' "[2]

Viewed in the light most favorable to Fleming,[3] the evidence here shows that the basis for Glover's belief that Fleming was guilty was Gray's statement that Fleming had stolen the money. The record also shows that Gray was a person of questionable credibility. He was initially suspected of having committed the crime. A polygraph test was interpreted as indicating that he did not answer questions truthfully. In this context, Glover's statements that he

**1.** Krashes v. White, 275 Md. 549, 554, 341 A. 2d 798, 801 (1975); Brewer v. Mele, 267 Md. 437, 440, 298 A. 2d 156, 159 (1972); Boyd v. Cross, 35 Md. 194, 196 (1872); Derby v. Jenkins, 32 Md. App. 386, 390, 363 A. 2d 967, 970 (1976).

**2.** Nance v. Gall, 187 Md. 656, 669, 50 A. 2d 120, 126 (1946), *mod.* 187 Md. 656, 51 A. 2d 535 (1947); Stansbury v. Fogle, 37 Md. 369, 381 (1873).

**3.** Tully v. Dasher, 250 Md. 424, 440-41, 244 A. 2d 207, 217 (1968); Kelly v. Exxon Corp., 35 Md. App. 272, 277, 370 A. 2d 162, 166 (1977); Derby, *supra*, 32 Md. App. at 390, 363 A. 2d at 970-71.

"didn't know" whether Fleming had committed the crime and that "we wanted to find out who the guilty party was" support an inference that Glover himself did not believe Gray's statement that Fleming took the money. Under these circumstances, there was sufficient evidence to show a lack of probable cause to believe that Fleming was guilty. The issue of probable cause was properly submitted to the jury.[4]

Malice is established by evidence which shows that a party acted from an improper motive. A party who acts from a motive other than that of bringing an offender to justice acts from an improper motive.[5] Malice may also be inferred from a lack of probable cause. Such an inference may be negated by evidence that the party did not act out of ill will, spite, hatred or reckless conduct.[6] Where malice is established by evidence showing an improper motive, the inference arising from lack of probable cause need not be considered.

Viewed in the light most favorable to Fleming, there was evidence to show that Glover acted from an improper motive.[7] Glover's testimony that at the time he filed the complaint he did not know whether Fleming had committed the crime, coupled with his testimony that he filed the complaint because "we wanted to find out who the guilty party was," establishes that their motive was not to bring the accused party to justice, but rather to discover who had committed the crime. While such a motive may serve a valid societal interest in identifying the perpetrator of a crime, it is nonetheless improper in that it subjects an innocent

4. Kennedy v. Crouch, 191 Md. 580, 590, 62 A. 2d 582, 587 (1948); Nance, *supra*, 187 Md. at 669-70, 50 A. 2d at 126; Kelly, *supra*, 35 Md. App. at 278-79, 370 A. 2d at 166; Derby, *supra*, 32 Md. App. at 394, 363 A. 2d at 972. *See* Banks v. Montgomery Ward & Co., Inc., 212 Md. 31, 42, 128 A. 2d 600, 606 (1957).

5. Zablonsky v. Perkins, 230 Md. 365, 370, 187 A. 2d 314, 317 (1963); Johns v. Marsh, 52 Md. 323, 332-33 (1879); Kelly, *supra*, 35 Md. App. at 279, 370 A. 2d at 166.

6. Wesko v. G.E.M., Inc., 272 Md. 192, 197, 321 A. 2d 529, 532 (1974); Jannenga v. Libernini, 222 Md. 469, 474, 160 A. 2d 795, 798 (1960); Banks, *supra*, 212 Md. at 42, 128 A. 2d at 606; Shipp v. Autoville Ltd., 23 Md. App. 555, 577, 328 A. 2d 349, 362 (1974), *cert. denied*, 274 Md. 725 (1975).

7. Wesko, *supra*, 272 Md. at 199-200, 321 A. 2d at 533-34, relied upon by the appellants, is inapposite. There, there was no evidence of an improper motive to support a finding of malice.

individual to the anxiety and concern arising from an unwarranted criminal prosecution. Under the present circumstances, there is no need to rely upon an inference of malice arising from a lack of probable cause. The evidence of an improper motive established malice and was sufficient to support the jury's verdict.[8]

*Judgment affirmed.*

*Costs to be paid by appellants.*

---

8. *See* Zablonsky, *supra,* 230 Md. at 370, 187 A. 2d at 317; Kelly, *supra,* 35 Md. App. at 281, 370 A. 2d at 168.