Lawrence HUNTLEY, Plaintiff and Respondent,

v.

Ralph W. HARBERTS, Defendant and Appellant.

No. 11981.

Supreme Court of South Dakota.

Argued Nov. 30, 1977.

Decided April 6, 1978.

Gerald L. Reade of Brady, Kabeiseman & Reade, Yankton, for plaintiff and respondent.

James E. Doyle of Doyle & Bierle, Yankton, for defendant and appellant.

BOTTUM, Circuit Judge.

This is an appeal from a judgment awarding the plaintiff and respondent, Huntley, $20,260.00 in damages in an action for malicious prosecution. The defendant and appellant, Harberts, appeals from the judgment entered pursuant to the jury verdict and the trial court's denial of both his motion for a new trial and his motion for judgment notwithstanding the verdict.

The appellant has alleged a number of errors as foundations for his appeal. Although we find that there was adequate evidence presented to the jury from which the jury could conclude that the plaintiff had sustained a cause of action for malicious prosecution against the appellant by a preponderance of the evidence, the damages awarded were not sufficiently supported by the evidence presented at trial and the award cannot be allowed to stand.

## RELEVANT FACTS

This case arises from an incident which occurred on June 23, 1975. Although the case originates from the events which took place on that day, the encounter between Huntley and Harberts on June 23rd was not their first. There was evidence presented from which the jury could infer that Harberts had been a difficult customer for some time. On June 23rd, Harberts went to pick up a boat motor which Huntley had repaired for him at Huntley's repair shop, located in the garage behind Huntley's house. While most of the work was covered by warranty, there was a bill for $6.24 outstanding. Huntley indicated that before Harberts could take the motor home, he would have to pay the bill of $6.24. Harberts testified that he was surprised by this mandate but surmised that Huntley was serious.

At this point, the agreement about what transpired between Huntley and Harberts terminates. Huntley testified that Harberts came towards him in a threatening manner and that Huntley dropped the screw driver with which he had been working and picked up a rubber hose. Huntley testified that he never struck Harberts and never threatened to strike him. The testimony of Ray Medema, a witness to the incident, corroborates the facts as related by Huntley. On the other hand, Harberts testified that Huntley both threatened to harm him and did hit him with the rubber hose.

Following the June 23rd incident, Harberts went to see a private attorney and related to him the same set of facts concerning the alleged assault and battery to which he testified at the subsequent trial for malicious prosecution. The private attorney advised Harberts that under the facts which Harberts had related to him, including Harberts' allegation that Huntley had struck him with a rubber hose, the crime of assault and battery had technically been committed.

The next day Harberts went to the State's Attorney, Mary Dell Cody, and told her the same set of alleged facts which he had recited to the private attorney, including the fact that Ray Medema had witnessed the incident. After discussing the incident with the State's Attorney, Harberts testified that he signed a blank complaint which was later filled in with the details of the alleged assault and battery. The State's Attorney did not investigate the incident by talking with Ray Medema prior to filing the charges. It should be noted that on the night of the incident in question, Harberts went to see Medema and Medema told Harberts that although he observed Huntley's hostility toward Harberts, he neither heard Huntley threaten him nor saw Huntley strike him.

Huntley was arrested pursuant to the assault and battery complaint and was released on a personal recognizance bond. Notice of the assault and battery charge appeared in the Yankton paper. A preliminary hearing was held at which Huntley, Harberts and Medema all testified. Robert C. Ulrich, Law Magistrate, dismissed the complaint for lack of probable cause.

Huntley then began this action for malicious prosecution. At a jury trial he recovered $20,260.00. The amount of $5,260.00 was awarded as actual damages, including $260.00 which Huntley paid in attorney fees to defend himself on the assault and battery charge. The amount of $15,000.00 was awarded as exemplary damages.

## ISSUES PRESENTED

The appellant has raised the following issues on appeal:

ISSUE ONE: The appellant alleges that the respondent failed to prove by a preponderance of the evidence the commencement or continuation of the criminal proceeding.

ISSUE TWO: The appellant alleges that the respondent failed to prove by a preponderance of the evidence the legal causation of the criminal proceeding by the appellant against the respondent.

ISSUE THREE: The appellant alleges that the respondent failed to prove by a preponderance of the evidence the absence of probable cause for the criminal proceeding.

ISSUE FOUR: The appellant contends that the respondent failed to prove by a preponderance of the evidence the presence of malice.

ISSUE FIVE: The appellant alleges that the trial court committed reversible error by giving certain instructions and refusing to give several instructions proposed by the appellant.

ISSUE SIX: The appellant objects to the amount which the jury awarded to the respondent in damages on the basis that (1) there is insufficient evidence in the record to justify the award and (2) the award was the result of passion and prejudice on the part of the jury.

## ISSUE ONE

■ In *McIntyre v. Meyer,* 81 S.D. 417, 136 N.W.2d 351 (1965), this Court reiterated the elements of a cause of action for malicious prosecution which had been set forth in *Kunz v. Johnson,* 74 S.D. 577, 57 N.W.2d 116 (1953) and numerous earlier South Dakota cases. The first of these six elements is the commencement or continuation of an original criminal or civil judicial proceeding by the respondent.

The crux of the appellant's attack on the proof of this first element is that the signing of the complaint in blank and the lack of verification by oath required by SDCL 23–19–2 and SDCL 23–21–5 render the criminal proceedings improperly commenced and therefore insufficient to support an action for malicious prosecution. We find no merit in this argument.

■ First, the defendant admitted in his answer, which was signed by him, that he had commenced the criminal proceedings in question. Therefore, the respondent was relieved of the burden of proving that element of the offense at trial. See SDCL 15–6–8(b) and *Mattoon v. Fremont, E. & M. V. R. Co.,* 6 S.D. 301, 60 N.W. 69 (1894).

■ Even if Harberts had not made this admission in his answer, appellant's argument cannot prevail. Where, as here, the issue of an alleged technical deficiency in the complaint was not raised during the course of the original criminal proceedings, the respondent was arrested on the assault and battery charge and submitted to the jurisdiction of the court and the charge was resolved on its merits, the appellant cannot now question the validity of the criminal process which he set into motion. See the cases cited at 36 A.L.R.2d 786, 809 § 8, and the supplement thereto.

## ISSUE TWO

■ The second issue raised by the appellant involves the sufficiency of the respondent's proof of the second element of a cause of action for malicious prosecution, the legal causation of the criminal proceeding by Harberts against Huntley. The appellant's basic argument is that the State's attorney was the legal cause for the assault and battery prosecution and that her failure to interview Ray Medema before proceeding with the charge conclusively demonstrates that Harberts was not the legal cause for the prosecution.

Once again, Harberts' admission in his answer, that he "procured the arrest of Huntley" and "swore to the complaint," relieved the respondent of the burden of proof on the legal causation issue. See discussion under Issue I, *supra.*

Furthermore, through this attack, the appellant is arguing the defense which he forwarded at trial, i. e., that his full and fair disclosure of all the pertinent facts to a private attorney and the State's Attorney defeats the cause of action for malicious

prosecution. Whether or not a defendant in an action for malicious prosecution has made a full, fair and complete disclosure of all the material facts in good faith to a private attorney and/or a State's Attorney which provides him with a defense to an action for malicious prosecution is a question of fact for the jury. *See, e. g., Wren v. Rehfeld,* 37 S.D. 201, 157 N.W. 323 (1916), *Larsen v. Johnson,* 47 S.D. 202, 197 N.W. 230 (1924) and *Braathen v. Weller,* 44 S.D. 118, 182 N.W. 637 (1921). As this Court stated in *Braathen, supra*: "Whether or not a party communicates to counsel all the facts bearing upon the guilt of the accused known to him, or whether or not the accused was acting in good faith upon the advice of counsel, are purely questions of fact to be determined by the jury." At 638.

### ISSUE THREE

■ The third element of an action for malicious prosecution as set forth in *McIntyre, supra,* and *Kunz, supra,* and earlier cases, corresponds to the third issue which the appellant has raised, the absence of probable cause for the criminal proceeding. In the case of *Braathen, supra,* this Court held that the dismissal of a charge by a court for lack of probable cause is sufficient proof of the absence of probable cause to satisfy that element of a cause of action for malicious prosecution.

In this case, the magistrate's order dismissing the complaint was admitted into evidence without objection. Therefore, whether or not any further evidence was presented to show the absence of probable cause need not even be considered.

### ISSUE FOUR

■ The fourth issue raised by the appellant involves the defendant's alleged failure to prove the element of malice. One of the appellant's bases for this assertion is that there was no showing of any actual hostility or ill will between Huntley and Harberts prior to the time of the incident in question. We determine that there need be no showing of actual hostility, a grudge, or ill will between the individuals involved to support a finding of malice in an action for malicious prosecution. We agree with the reasoning expressed by the California Supreme Court in *Albertson v. Raboff,* 46 Cal.2d 375, 383, 295 P.2d 405, 410 (1956):

> The malice required in an action for malicious prosecution is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose.

*See also Singleton v. Singleton,* 68 Cal. App.2d 681, 157 P.2d 886 (1945), *Griswold v. Griswold,* 143 Cal. 617, 77 P. 672 (1904) and *Glover v. Fleming,* 36 Md.App. 381, 373 A.2d 981 (1977). Therefore, the respondent was not required to produce any evidence concerning hostility, ill will or a grudge between Huntley and Harberts, and the trial court properly instructed to this effect.

■ Furthermore, whether or not the element of malice has been proved by a preponderance of the evidence is a question of fact for the jury. *Braathen, supra.* The jury may infer malice from a want of probable cause. *Wuest v. American Tobacco Co.,* 10 S.D. 394, 73 N.W. 903 (1898) and *Richardson v. Dybedahl,* 14 S.D. 126, 84 N.W. 486 (1900). We hold that the presence or absence of malice was a question of fact for the jury.

### ISSUE FIVE

■ The appellant has alleged that the trial court committed reversible error by giving particular instructions and declining to give certain instructions proposed by the appellant. In evaluating whether or not the instructions accurately stated the law and unduly or unfairly emphasized any aspect of the case and the proof involved, we adhere to the principle that instructions must be considered as a whole. *See, e. g., Dwyer v. Christensen,* 77 S.D. 381, 92 N.W.2d 199 (1958); *Mueller v. Mueller,* 88 S.D. 446, 221 N.W.2d 39 (1974); *Pollman v. Ahrens,* 88 S.D. 249, 218 N.W.2d 475 (1974); and *Degen v. Bayman,* S.D., 241 N.W.2d 703 (1976).

■ There are no South Dakota pattern jury instructions on malicious prosecution.

With some additions, the trial court used the jury instructions from the California Jury Instructions Civil, BAJI. Specifically, the trial court employed BAJI, 6th Edition, Nos. 6.90, 6.91, 6.92, 6.94, 6.95 and 6.96. We find that these instructions, combined with additional instructions appropriate to the case and to South Dakota law, constituted an accurate statement of the law concerning a cause of action for malicious prosecution.

## ISSUE SIX

The appellant has objected to the damage award for two basic reasons: (1) that there is insufficient evidence in the record to justify the award, and (2) that the damages were excessive and appear to have been given under the influence of passion and prejudice. We find that there was insufficient evidence in the record to justify the award of actual damages in the amount of $5,260.00.

This Court has been most reluctant to set aside damage awards on the basis that they are insufficiently supported by the evidence and excessive. In *Morey v. Keller,* 77 S.D. 49, 85 N.W.2d 57 (1957), this Court stated:

A verdict will not be disturbed on appeal unless the damages are so excessive "as to strike mankind at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption."

Additionally, this Court has frequently held that where a motion for a new trial has been denied by the trial court on the basis that there is insufficient evidence to support the verdict, the reviewing court will only disturb that denial when the trial court has abused its discretion. *See, e. g., State Highway Com'n v. Miller,* 83 S.D. 124, 155 N.W.2d 780 (1968) and *Neb. Elec. Generation & Trans. Coop. v. Walking,* S.D., 241 N.W.2d 150 (1976).

■ We find that the actual damage award of $5,260.00 was unreasonable. Additionally, we find that the trial court abused its discretion in denying the appellant's motion for a new trial on the basis

that there was insufficient evidence in the record to support the verdict.

With the exception of the $260.00 for attorney fees, the evidence presented concerning Huntley's damages was extremely vague. While the respondent did testify that his nervous condition gave him some trouble subsequent to his arrest, he did not testify to any physical problems or any medical bills which he sustained. In addition, although the respondent testified that the newspaper article which appeared in the Yankton newspaper caused him some embarrassment and that he was unable to handle his job as he usually did, there was no evidence presented of any decline in his business or any lost profits. Furthermore, Huntley was the only witness who presented any testimony concerning the damages he suffered. The evidence was insufficient to support the award.

■ Because the exemplary damage award of $15,000.00 must have borne some relationship to the actual damage award, the $15,000.00 award for exemplary damages must also be set aside.

## CONCLUSION

This case is hereby remanded to the circuit court for a new trial on the issue of damages alone.

ZASTROW and PORTER, JJ., concur.

DUNN, C. J., and WOLLMAN, J., dissent.

BOTTUM, Circuit Judge, sitting for MORGAN, J., disqualified.

DUNN, Chief Justice (dissenting).

I would reverse. The probable cause instructions do not state the law of South Dakota and are confusing. The opinion given by an attorney was a major part of the defendant's defense, and Instruction 15 in particular would be prejudicial to the defendant.

Instruction 13 states in essence that if the defendant made a full, fair, and complete disclosure to an attorney of all the perti-

nent and material facts of which the defendant had knowledge tending to prove or disprove the criminal charge and thereafter acted upon the advice of the attorney, probable cause for initiating the arrest existed. Instruction 15, however, goes on to say that "the defendant must not only show that he disclosed to his counsel all the material facts known to him, bearing on the guilt or innocence of the plaintiff, but he must also show that he disclosed to his counsel any reasonable grounds he might have had for believing that other facts existed that might exculpate the plaintiff, or show that he made inquiry himself as to such other facts." This expanded duty set out in Instruction 15 is contrary to the probable cause requirement set out in *McIntyre v. Meyer*, 1965, 81 S.D. 417, 420, 136 N.W.2d 351, 353, and is a minority view according to Prosser, Torts, 4th Ed., § 119, pp. 843–844.

Under the facts of this case, where it became rather crucial as to whose duty it was to check out what Ray Medema may have seen, the inaccurate statement of the law in Instruction 15 became very prejudicial to the defendant.

I am authorized to state that Justice WOLLMAN joins in this dissent.