Lornell J. WITTMEIER and Charlotte
H. Wittmeier, Plaintiffs and
Appellants,

v.

Emil F. GALL and Ray M. Gall,
Defendants and Appellees.

No. 13586.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1982.

Decided May 19, 1982.

Thomas E. Alberts of Engel & Alberts, Avon, for plaintiffs and appellants.

Steven M. Johnson of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for defendants and appellees.

WOLLMAN, Chief Justice.

Plaintiffs and appellants (Wittmeiers) appeal from the trial court's entry of summary judgment in favor of defendants and appellees (Galls). We affirm.

In 1979 the Galls initiated a lawsuit seeking to prevent the Wittmeiers from draining surface waters from the Wittmeiers' land over the Galls' land. This lawsuit was terminated in favor of the Wittmeiers.

The Wittmeiers then started this action for malicious prosecution, seeking to recover the costs they had incurred in defending the action initiated by the Galls. Their complaint alleged that the Galls' action was instituted maliciously and without probable cause. The trial court found that no genuine issue of fact existed and held that the Galls had probable cause to initiate the action.

■ The elements of malicious prosecution are set out in *Kunz v. Johnson*, 74 S.D. 577, 57 N.W.2d 116 (1953). As in that case, we are here concerned only with the element of probable cause. As we stated in *Bucher v. Staley*, 297 N.W.2d 802, 805 (S.D. 1980), "[i]n cases with undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, but if the facts are in conflict and reasonable minds could reach different conclusions, it is for the jury's determination after proper instruction by the court."

■ We are satisfied that there was no question of fact regarding the existence of probable cause for the institution of the original suit by the Galls against the Wittmeiers. Suffice it to say that well before the suit was instituted the Galls had the property surveyed by a certified civil engineer, who advised them that in his opinion the drainage ditch utilized by the Wittmeiers was not a natural watercourse. The Galls consulted with counsel, who attempted to resolve the dispute before trial by sending the Wittmeiers a letter setting forth the nature of the Galls' complaint against them and requesting that they cease draining water onto the Galls' proper-

ty. We conclude that in view of this undisputed evidence the trial court properly determined as a matter of law that probable cause existed for the Gall-Wittmeier lawsuit. *Fendrich v. Lauck,* 307 N.W.2d 607 (S.D.1981); *Bucher v. Staley,* supra; *Terminal Grain Corp. v. Freeman,* 270 N.W.2d 806 (S.D.1978); *McIntyre v. Meyer,* 81 S.D. 417, 136 N.W.2d 351 (1965).

The order granting summary judgment is affirmed.

All the Justices concur.